## BUSCH *v.* HART.

### Opinion delivered April 18, 1896.

CONTRACT—SUFFICIENCY OF SIGNING.—Where a bond conditioned on the performance of a contract refers to the contract as thereto attached, a signing of the bond, to which the contract is attached, is in legal effect a signing of the contract also.

CONTRACT IN WRITING—PAROL EVIDENCE OF CONSIDERATION.—In a case where the statute of frauds does not apply, a contract to furnish materials and perform work may be in writing, and the price to be paid for the same be established by parol, when it does not contradict or vary the writing.

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

#### STATEMENT BY THE COURT.

J. A. Busch, on the 28th of December, 1892, entered into a contract with Mark J. Smith to erect a bath house for said Smith in the city of Hot Springs. Busch afterwards sublet a portion of the work to appellee, J. E. Hart, agreeing to pay him therefor the sum of $4,100. Hart gave a bond for the performance of his contract, which contained the following conditions, to-wit: "The condition of the above bond is such that, whereas, the said J. E. Hart has this day entered into a contract with the said Jacob A. Busch to furnish certain labor and materials towards the construction of the new Hot Springs Bath House, * * * *a copy of which contract is attached hereto and made part hereof*: Now, if the said Hart shall well and faithfully perform all the stipulations

mentioned and undertaken as set forth in the said contract, then this bond shall be void and of no effect; otherwise, in full force and virtue," etc. Hart furnished the material, and completed his contract, and afterwards brought suit against Busch to recover $427.50, alleged to be due him upon the contract. Busch alleged that he had paid in full for the work, and, further, that Hart failed to complete the work within the time required by his contract. He alleged that this failure of Hart delayed the completion of the building sixty-six days, and that, by the terms of the principal contract made with Smith, he (Busch) was required to pay damages at the rate of ten dollars for each day of said delay, amounting in all to $660.00, which amount he claims that he is entitled to recover from Hart.

Upon the trial, Busch exhibited the bond executed by Hart, above referred to, attached to which bond was a writing. Busch claimed that this was the contract referred to in the bond; that it was attached to the bond at the time it was executed, and was the contract under which Hart performed his work. This writing was unsigned, but purported to be a contract between Busch and Hart for the performance of the work concerning which this action was brought. It commenced with the following recital, to-wit: "This agreement, made and entered into on this, the———day of January, 1893, by and between James E. Hart, party of the first part, and Jacob A. Busch, party of the second part, all of Hot Springs, Ark., witnesseth," etc.

Hart claimed that the contract referred to in the bond was never reduced to writing, while Busch contended that the contract was in writing, and attached to the bond at the time of its execution. The evidence bearing on the question as to whether the contract was attached to the bond at the time of its execution was as follows: Samuel Hamblin, a civil engineer, who super-

intended the construction of the bath house, testified that Busch and Hart came to him in the first days of January, 1893, and stated that Busch had contracted with Hart to do a portion of the work, and asked him to draw a bond and contract according to their agreement. "I made," he said, "pencil notes of the several points in their verbal agreement, and from them drew the contract. I also drew a bond; both documents being in duplicate, and bound, the bond and contract together, one for each of the contracting parties. I delivered the paper to the parties, who expressed themselves as satisfied with the terms as expressed therein, and took them from me for execution." He identified the bond and contract exhibited in evidence by Busch as one of the set prepared and delivered by him to the parties. Busch, the appellant, testified on this point, and, after reciting the circumstances under which he made the contract with Hart, he proceeds as follows: "Afterwards we called on Col. Hamblin, the superintendent of the building, to draw a contract and bond in accordance with our agreement. He took notes of our agreement, and prepared a bond and contract in duplicate. In each copy the bond and contract were bound together. Both of us expressed ourselves satisfied with the terms of the contract as expressing our agreement, and Hart took them for execution, and returned a copy to me with the bond executed. The bond was signed, and I always supposed the contract was signed until the case came up, when I found that the copy of the contract attached to this bond was not signed. *The copy of the contract was attached to the bond just as it is now.*" Hart testified in his own behalf: "My contract," he said, "was that the work should be done in a reasonable time, and there was no penalty after any particular date." On cross-examination he was shown the bond signed by him, and testified concerning it: "That he had given this bond to

the defendant for the faithful performance of his part of the work. *He stated that the form of a contract attached to the bond shown him might have been attached when he delivered the bond, but that he had never signed it, and refused to sign such contract.* He was asked to what contract the bond referred, and stated that it was not the one attached, and that there had been no contract signed, and that there was no other, except as he had previously stated."

There was a finding and verdict in favor of plaintiff.

*Chas. D. Greaves* and *Rose, Hemingway & Rose,* for appellant.

1. There was no evidence to support the verdict. The contract was attached to the bond, and made part of it by reference to it. A signing of the bond was equivalent to signing the contract. If an unsigned paper is referred to in a paper signed by the party, or is attached to such a paper, it is just as though it was incorporated in the paper signed, and is equivalent to signature. 2 Starkey, Ev. 485; 1 Reed, St. Fr., sec. 341, 344; 2 Whart. Ev., sec. 872; 4 N. Y. 144; 6 Cow. 448; 5 Exch. 631; 77 N. C. 88; 54 Miss. 483; 5 Exch. 907; 8 Ala. 546; 2 DeG. & Sm. 561; 14 N. Y. 584; 14 How. 456; 18 Ill. 483; 15 Me. 40; 5 Pick. 395; 30 Minn. 389; 58 Md. 547; 77 Ind. 2; 3 Rich. 373; 5 Strobh. 129; 1 Sneed, 25; 3 Daly, 496; 38 N. J. L. 38; 9 Allen, 385; 2 Fairfield, 438; 33 Barb. 392.

2. But if that were not so, it would make no difference. Hart gave a bond for carrying out the contract, signing the bond himself. Instead of signing the contract, he, in effect, wrote upon it, "I undertake that the within contract shall be performed," and, being the person to perform it, undertook its performance. He cannot escape by saying he did not read it. It was his duty to read it, and he had every opportunity to do so,

and he cannot profit by his own neglect.    2 Whart. Ev., sec. 1028; 117 U. S. 519; 78 Ind. 136; 6 Blackf. 380; 29 Ind. 580; 82 Pa. St. 202; 3 Ind. 449; 18 Kas. 529; 100 Ill. 298; 79 Ind. 604; 41 Am. 604, and note; 48 Ind. 436; 56 N. Y. 137; 70 Ind. 19; 55 N. H. 493; 54 Ill. 196; 72 Ind. 533; 29 Iowa, 498; 12 Neb.433; 118 Mass. 109.

3.    The language of the court to defendant was prejudicial to him in the eyes of the jury.    59 Ark. 417; 49 *id*. 148; *id*. 439; 43 *id*. 73; 52 *id*. 263; 43 *id*. 290.

*A. Curl* and *W. H. Martin*, for appellee.

1.    The evidence fails to show that the contract was attached to the bond at the time it (the bond) was signed. Appellee testified that he refused to sign the contract, and that his contract with appellant was oral.    The architect testifies that appellant refused to sign the contract.    There is no expression in the bond that refers to the contract, or identifies it.    Hence appellant's contention fails.    The attached writing relied on must be clear and certain as to its terms.    It must show the contract between the parties.    There must be nothing to guess at, nothing to fill in, to make it complete.    And it must not be left so as to require oral evidence to explain what is meant, or make it complete.    The writing in question was not signed, and no price is named therein for the work.    1 H. & N. 473; 5 B. & C. 583; 2 Whart. Ev., sec. 870.    The contract, so-called, was not admissible in evidence.

2.    The evidence sustains the claim for extra work.

3.    Appellant was not prejudiced by the remark of the judge.    It only shows that appellant did not demean himself very well on the witness stand.

*Chas. D. Greaves* and *Rose, Hemingway & Rose*, for appellant in reply.

1.    It is said there is no proof that the contract was firmly attached to the bond when the bond was signed.

Neither is there any proof that it was not. To have attached a false contract to the bond after its execution would have been a fraud, and *a forgery*, and the law does not presume fraud,—far less crime. 31 Ark. 554; 38 *id.* 419; 116 U. S. 615; 59 Fed. 73.

2. The fact that the price or consideration is blank, does not render the contract void, under the statute of frauds, where the contract is *executed*. Where *executed*, the statute does not apply, nor has it been pleaded, which is essential. Browne, St. Frauds, sec. 16. In this case there was no dispute as to the consideration. All parties agree as to that.

RIDDICK, J., (after stating the facts). The decision of this case turns on the question whether the contract sued on was in writing or not. The appellant, Busch, claimed that the contract was in writing, and attached to the bond at the time it was executed. Hart denied this, and based his right to recover on the contention that the work was done under an oral contract in terms different from the written contract set up by Busch. The verdict of the jury in favor of Hart was no doubt based on the finding that the work was done under an oral contract, and that the contract exhibited by Busch was not attached to the bond at the time of its execution, and not the contract between the parties. The bond expressly refers to the fact that Hart and Busch had entered into a contract for the performance of which the bond was given, and contains the following recitals, to-wit: "a copy of which contract is attached hereto, and made a part hereof." At the trial the contract was exhibited by Busch attached to the bond, and, referring to the time when the bond and contract were delivered to him by Hart, he testified that "the copy of the contract was attached to the bond just as it is now." Now, if the contract exhibited by Busch was in fact attached

Sufficiency<br>of signing of<br>contract.

to the bond at the time of its execution, and was the contract referred to therein, then a signing of the bond was in legal effect a signing of the contract also. *Tonnele* v. *Hall*, 4 N. Y. 144; *Gale* v. *Nixon*, 6 Cow. (N. Y.), 448; *Mayer* v. *Adrian*, 77 N. C. 88; *Fisher* v. *Kuhn*, 54 Miss. 483; 2 Whart. Ev., sec. 872.

The testimony of both Busch and Hamblin tends strongly to show that the contract exhibited by Busch was attached to the bond at the time of its execution. This is further supported by the reference in the bond to a contract attached thereto. We can find nothing in the record to contradict or impeach this testimony. It is true that Hart testifies that his contract with Busch was not reduced to writing, but he nowhere states that the contract exhibited by Busch was not attached to the bond at the time of its execution. On the contrary, when cross-examined on this point, he stated that "the form of a contract attached to the bond shown him might have been attached when he delivered the bond, but that he had never signed it." It appears from his testimony that his contention that the contract was not in writing was based on the fact that he had never signed the contract itself; but this, we have seen, was a matter of no consequence if he signed the bond with the contract attached, and delivered it to Busch in this condition. He does not deny that the contract exhibited with the bond was attached to it at the time he executed the bond, but only denies that he signed such contract. His assertion that this writing was not the contract is only a legal conclusion he draws from the fact that it was not signed, and is entitled to no weight as evidence.

After carefully considering the transcript, we are forced to the conclusion that the undisputed testimony shows that the contract exhibited with and attached to the bond at the trial was thus attached at the time the bond was delivered to Busch by Hart. This contract

having been attached to the bond at the time of its execution, and expressly referred to therein as the contract for the performance of which the bond was given, the parties are bound by its stipulations.

The fact that the consideration to be paid Hart is not stated in the bond can make no difference now, for the contract has been executed. This is not a case in which the statute of fraud applies, nor has it been pleaded. When that statute does not apply, a contract to furnish materials and perform work may be in writing, and the price to be paid for the same may be established by parol, when it does not contradict or vary the contract. 1 Greenleaf, Ev. 284*a*, 285; *Eighmie* v. *Taylor*, 98 N. Y. 294; *Graffam* v. *Pierce*, 143 Mass. 386; *Clifford* v. *Turrill*, 9 Jur. 633. There is no dispute here about the consideration to be paid, and the only dispute is about matters fully covered by the written contract attached to the bond.

*[margin: Parol proof in aid of writing.]*

The court correctly instructed the jury as to the legal effect of signing the bond with the contract attached, but the finding and verdict of the jury is without evidence to support it for the amount found against appellant.

The judgment is reversed, and the cause remanded for a new trial.

Hughes, J., dissents.