### G. W. FORNEY v. J. J. WARD ET AL.

#### Decided April 4, 1901.

**1.—Lease for Mining Oil—Conditions of Forfeiture—Estoppel.**

See evidence held not sufficient to raise the issue as to whether a lessor was estopped from claiming the forfeiture of an oil mining lease on the ground that the lessee had failed to begin a well on the land within the time stipulated in the lease contract.

**2.—Same—Beginning of Well—Question for Jury.**

Where the lease provided that it should be void in case no well was begun by the lessee within a specified time, and on the last day of such time the lessee hauled some lumber on the land with which to construct a derrick for boring the well, the court correctly refused to instruct, as a matter of law, that this was a beginning of the well, but properly left that question to the jury in connection with testimony as to the general understanding among persons engaged in the business of boring oil wells as to when a well was begun.

Appeal from Navarro. Tried below before Hon. L. B. Cobb.

*Hardy & Halbert,* for appellant.

*Frost, Neblett & Blanding,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Plaintiff and defendants J. J. Ward and wife, Fannie Ward, on the 14th day of November, 1898, entered into a contract of lease whereby the defendants, for a recited consideration of one dollar, granted and conveyed to plaintiff seven-eights of all of the oil, gas, coal, and other minerals in and under a certain tract of land owned by defendants and fully described in said lease, and further granted to plaintiff the right to enter upon said land and conduct such operations thereon as might be necessary in the development of oil or gas wells or mines of coal or other minerals. Among other provisions

the contract of lease contained the following: "In case no well is begun and prosecuted with due diligence within four months from this date, then this grant shall immediately become null and void to both parties."

Plaintiff made no preparation to begin work under said contract until the 13th day of March, 1899, on which day he hauled a load of lumber upon said premises with which he intended to construct a derrick to be used in boring an oil or gas well. The defendant J. J. Ward was present when said lumber was placed on his land, and made no objection and did not claim that the lease was forfeited. The question of the extension of the lease and the procurement of water with which to bore the well was at that time discussed by said Ward and plaintiff, and Ward proposed to extend the lease for thirty days upon the payment to him by plaintiff of the sum of $30, and also agreed to build a tank and furnish plaintiff with water for boring purposes if plaintiff would pay him an additional $50, which amount Ward was to repay in the water necessary for the boring of four wells at the rate of $12.50 per well. Plaintiff would not accept Ward's proposition, but offered him $15 for thirty days' extension of the lease. This proposition was not accepted by Ward, though he did not then positively decline it, and plaintiff understood that he would come to town the next day and let him know whether or not he would accept the offer of $15 for an extension of the lease. Ward did not go to town the next day, and in the evening plaintiff went out to Ward's place to see if he had decided to accept his proposition. They failed to agree upon terms for the extension of the lease, and plaintiff then told Ward he would go to work on the well under the original agreement, and on the next day, March 15, sent out three wagons with lumber to be used in the prosecution of the work. When these wagons reached the premises the gates were locked and Ward refused to allow plaintiff to enter upon the premises, claiming that the lease had been forfeited. There was proof that it was worth $2.50 per load to haul lumber to defendant's premises. When plaintiff informed Ward on the 14th that he intended to proceed with the work of boring the well under the original lease, Ward did not claim that the lease was forfeited, and made no objection to plaintiff's proposal to proceed with the work. Upon Ward's refusal to allow plaintiff to enter upon the premises and proceed with the work contemplated by the lease, plaintiff brought this suit to enforce his rights under said lease contract, and to enjoin the defendants from interfering with the carrying on of operations contemplated by said lease. The defendants answered by general demurrer and general denial. The trial of the cause in the court below resulted in a verdict and judgment in favor of the defendants, from which judgment this writ of error is prosecuted.

The first assignment of error complains of the refusal of the trial court to submit to the jury special instruction number 2, requested by plaintiff, which instruction is as follows: "If the jury believe from the evidence that the defendant permitted plaintiff to go into possession of his premises for the purpose of putting down a well, and that the plain-

tiff expended money and labor with the defendant's consent both on the 13th and 15th days of March, 1899, in pursuance of his purpose to so put down said well, then defendant should be estopped from denying that plaintiff had complied with his contract."

We do not think the issue of estoppel is raised by the evidence. When plaintiff hauled the load of lumber to defendant's premises on the 13th of March, the lease contract had not expired, and there is no evidence of any act done or word spoken by the defendants on that day which could lead plaintiff to believe that the defendants would waive any of their rights under the contract; on the contrary the evidence shows that both parties, recognizing that the contract was about to expire, began negotiations for its extension, and that the defendants demanded $30 for an extension of the contract, thereby notifying plaintiff that they would claim a forfeiture of the contract as soon as the time in which plaintiff was to begin the work should expire. It is true defendants did not in express words tell plaintiff on the 14th of March that he would insist on a forfeiture of the lease because of the failure of plaintiff to begin work in the time agreed on, but they still demanded the $30 for an extension of the lease, and refused to accept plaintiff's offer of $15, and neither said nor did anything to induce plaintiff to expend any further labor or money in attempting to carry out said contract. The defendant J. J. Ward testifies that the reason he did not tell plaintiff on the 14th that he could not go on with said work was that he did not think the lease expired until that day, and did not think he had the right to stop plaintiff before the lease had expired. The charge requested was not applicable to any issue raised by the pleadings or the evidence, and the court below properly refused to submit same to the jury.

The second assignment complains of the refusal of the trial court to submit to the jury special instruction number 1, requested by the plaintiff, which instruction is as follows: "If the jury find from the evidence that the plaintiff, before the termination of the lease, hauled lumber on the defendants' land for the purpose of beginning the construction of an oil well and pushing it diligently to completion, that such is the beginning of the well as contemplated by the contract."

The court below did not err in refusing to give the jury this instruction. It certainly can not be contended that the plain import of the words used in the contract is that any work done preparatory to the boring of the well would be the beginning of the well as contemplated by the contract, and the court could not so determine the meaning of the contract as a question of law. The issue as to the meaning of the term used in the contract, considered in connection with the testimony in the case as to the general understanding among persons engaged in the business of boring oil wells as to when a well was begun, was submitted to the jury under proper instructions, and the jury found that a well was not begun, as that term was used in the contract, until the actual boring in the ground was commenced. This finding of the jury is supported by

the great preponderance of the evidence, and is not assailed by the plaintiff.

The third special instruction requested by the plaintiff, the refusal of which is made the ground of error urged in the third assignment, in effect presents the same proposition of law contained in the first special instruction above considered, and the court below did not err in refusing to submit same to the jury. We find no error in the judgment of the court below and it is in all things affirmed.

*Affirmed.*