## CROMWELL et al. v. LEWIS et al.

No. 14382—Opinion Filed Nov. 27, 1923.

Rehearing Denied March 4, 1924.

### 1. Oil and Gas—Leases—Extension of Time for "Beginning" Test Well.

An agreement between the lessors and the lessees providing that "the time for beginning a test well * * * is hereby extended to July 1, 1922," is fully complied with where the lessee has moved the timbers for the derrick upon the ground where such test well is to be sunk, dug the cellar, and in good faith begun the necessary operations looking to the boring of such well within the time fixed by said agreement. "Beginning", as used in such an agreement, means the first act of.

### 2. Evidence—Varying Writings—Oral Representations.

The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and any representation made prior to or. contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract.

### 3. Contracts—Action for Breach—Defense that Contract not Binding on Plaintiff.

Where the defendant has actually received the consideration of a written agreement, it is no answer to an action brought against him for a breach of the same to say that the agreement did not bind the plaintiff.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by J. I. Cromwell, S. B. Hibbard, S. S. Glasscock, David Hart, and Allen L. Porter, for specific performance, against Eula M. Lewis and G. K. Jenkins. Judgment was entered for the defendant Eula M. Lewis. Plaintiffs appeal. Reversed, with directions.

P. J. Carey, for plaintiffs in error.

Phillips, Douglass & Duling, for defendants in error.

Opinion by DICKSON, C. On the 1st day of July, 1922, the plaintiffs in error, plaintiffs below, filed their suit in the district court of Okfuskee county, against the defendants in error, defendants below, to enforce the specific performance of a contract. For convenience, the parties will be referred to as plaintiffs and defendants, as they were designated in the trial court.

On the 31st day of December, 1921, the defendant Eula M. Lewis executed an oil and gas lease to the plaintiffs upon 80 acres of land owned by her, and delivered said lease to the defendant G. K. Jenkins, to be held by him in escrow, to, as defendant contends, have a test well actually drilling on a certain block of land, described in the plaintiffs' petition, on or before the 1st day of May, 1922. The lease executed was on what is known as "Producers' 88 Oil and Gas Lease" form and contained the usual provisions.

At the same time the plaintiffs took a number of other leases from other parties upon lands in the vicinity of the defendant's land, but the agreement between the plaintiffs and the other lessors, fixing the time when the well should be commenced, was in writing.

It appears that the defendant Lewis did not sign this agreement, for the reason that it provided that the lessors should do certain work at a stipulated price in providing water for drilling purposes; but, as stated, she executed her lease and placed it in escrow with the other leases. It is conceded that all these leases were to be delivered

to the plaintiffs in the event they commenced to drill the test well, or were actually drilling, on or before the 1st day of May, 1922.

It appears that the title to some of the land in the block proved to be defective. And this necessitated a proceeding in court, and the plaintiffs were unable to secure clear titles and commence the well on or before May 1st, as contemplated by said escrow agreement.

On April 12, 1922, an extension agreement was executed by all the lessors, including the defendant Lewis, of which the following is a copy:

"It is hereby agreed that for mutual considerations, the time for beginning a test well as provided for in the contract hereto attached is hereby extended to July 1, 1922. "Dated this 12th day of April, 1922."

At the time this agreement was executed the defendant Lewis by agreement withdrew the 80 acre lease from the escrow holder and substituted the lease involved in this suit, upon one 40 acre tract only. In all other respects the leases were identical. The execution of the last mentioned lease and the extension agreement were one and the same transaction. It will be observed that the extension agreement recites that "the time for beginning a test well as provided in the contract hereto attached is hereby extended until July 1st, 1922." The evidence conclusively shows that this extension agreement, the substituted lease, and the original agreement, fixing the time and place when and where said test well should be sunk, were returned to the escrow holder and remained in his possession until July 1, 1922.

The whole case turns upon the meaning of the expression "commence to drill a test well". The uncontradicted evidence is that on the 1st day of July, 1922, the plaintiffs had located the well, dug the cellar or basement, which is an excavation about 10 feet square and 15 feet deep, and had 15 or 18 loads of timbers on the location, for the purpose of constructing the derrick, that there was other material on the way. And that the plaintiffs were moving with all reasonable celerity, in an effort to speedily sink said test well, and that before this case was tried, to wit: December 9, 1922, the plaintiffs had drilled said well to a depth of 3,-400 feet and struck gas in paying quantities.

On July 1, 1922, the plaintiffs demanded the lease from the escrow holder. The defendant Lewis, on the same day demanded that the said lease be returned to her. The escrow holder, G. K. Jenkins, refused to comply with either demand. And thereupon the plaintiffs instituted this suit to compel the specific performance of the contract to deliver said lease, and made G. K. Jenkins a defendant as escrow holder.

The petition was in the ordinary form, and the defendant Lewis' answer was first a general denial, and second, a cross-petition praying that her title to said tract of land be quieted against the claims of the plaintiffs under said lease. The answer of the defendant Jenkins was a general denial.

The case was tried on December 9, 1922, and taken under advisement, and on the 18th day of December, judgment was rendered, denying the prayer of the plaintiffs' petition, and entering judgment quieting title in the defendant Lewis, as against said plaintiffs. The plaintiffs have perfected their appeal to this court, and assign the following errors:

"(1) The court erred in entering judgment for the defendant in error, Lewis. and in not entering judgment for the plaintiffs in error, said judgment not being supported by the evidence, and being contrary to the weight of the evidence.

"(2) There were errors of law occurring on the trial in this:

"(a) The court erred in admitting evidence on the part of the defendants in error over the objections of the plaintiffs in error.

"(b) The court erred in admitting evidence as to oral statements which was offered for the purpose of contradicting a writing, signed by defendant in error.

"(c) The court erred in overruling motion by plaintiffs in error to strike out the evidence as to oral statements contradicting statements contained in a written agreement.

"(3) The court erred in overruling motion by plaintiffs in error for a new trial."

The plaintiffs contended in the trial court, and contend here, that they had fully complied with their part of the contract and had commenced the test well contemplated by said agreement. The defendant Lewis contended in the court below, and contends here, that the agreement contemplated that the bit should be actually piercing the earth on or before July 1, 1922, and the case turns upon what was meant by "commencing a test well".

Counsel has called our attention to no Oklahoma case in which this precise question has been considered. In Terry v. Texas Co. (Tex.) 228 S. W. 1019, the court says:

"In the case of McCallister v. Texas Co., 223 S. W. 859, where the lessee selected the location for an oil well, and hauled derrick

timbers to the site, and provided a water supply for drilling purposes, it was held by this court that such actions constituted a 'beginning of operations for the drilling of an oil well' within the terms of the lease requiring such operation to begin within a certain time. One of the definitions given in the dictionary of the word 'commence' is "to perform the first act of.' Certainly it was necessary before actually piercing the ground with the drill, to place the timbers and boiler and other machinery on the ground and to erect a derrick.

"From the authorities quoted, and others which might be cited, we conclude that the evidence, fairly interpreted, shows that the appellee did 'commence to drill' the test well within the time specified, to wit, prior to November 6, 1918."

See, also, Fast v. Whitney (Wyo.) 187 Pac. 192; Hudspeth v. Producers (La.) 64 South. 893; Fleming Oil & Gas Co. v. South Penn. Co. (W. Va.) 17 S. E. 203; McCallister v. Texas Co. (Tex.) 223 S. W. 859.

We think that on the 1st day of July, 1922, the plaintiffs had fully performed their part of the agreement, that is, had in good faith begun a test well as contemplated by said extension agreement. And this conclusion is evidenced by the fact that the plaintiffs actually did promptly complete the well.

On the trial the defendant was permitted, over the objections of the plaintiffs, to testify that in the negotiations leading up to the execution of the extension agreement, one of the plaintiffs said to her that if the well was not actually drilling on July 1st, she would be entitled to a return of her lease. This was clearly error, for the reason that the written extension executed upon said date, supersedes all negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument, Comp. Stat. 1921, section 5035; Busch v. Hart (Ark.) 35 S. W. 534; Fisher v. Kuhn, 54 Miss. 480; Gale v. Nixon, 5 Cow. 445.

The defendant further contends that the contract was not mutual, that is, that there was no provision by which she could have compelled the plaintiffs to have drilled a well, this, however, is not available. Both sides agree that the lease in question was to be delivered to the plaintiffs on the 1st day of July, 1922, if the plaintiffs at that time had complied with their part of the contract. And we have found that they had complied with it. It is well settled that one party to a contract cannot stand by until the other has fully performed, and then say, "I am not bound, because I could not have compelled you to have performed."

"Where the defendant has actually received the consideration of a written agreement, it is no answer to an action brought against him for a breach of his covenants in the same to say, that the agreement did not bind the plaintiff to perform the promises on his part therein contained, provided it appears that the promises have in fact, been performed in good faith, and without prejudice to the defendant." Storm v. U. S. 94 U. S. 76, 24 L. Ed. 42; 13 C. J. 134, section 181; Los Angeles Tract Co. v. Wilshire (Cal.) 67 Pac. 1086; Bloom v. Home Ins. Co. Agency (Ark.) 121 S. W. 292.

We have carefully examined the entire record, and inasmuch as it appears to us from all of the evidence that the plaintiffs had in good faith complied with all of the requirements contemplated by the parties at the time the extension agreement was executed, the defendant Lewis should be required to perform her contract and deliver to said plaintiffs the lease in question.

And it is recommended that the judgment appealed from be reversed, with directions to the district court of Okfuskee county, Okla., to set aside the judgment appealed from, and to enter a judgment and decree directing the defendant G. K. Jenkins, as such escrow holder, to deliver to the plaintiffs the lease mentioned and set up in the plaintiffs' petition, covering the southwest quarter of the northeast quarter of section 14, in township 10, north of range 8 east, in Okfuskee county, Okla. And that in the event said lease is not now in existence or has been placed beyond the jurisdiction of the court, that said court enter such judgment and decree as will vest in said plaintiffs the leasehold interest in and to said land originally intended to be conveyed thereby.

By the Court: It is so ordered.