## CRYE v. GILES.
### No. 6151.

Court of Appeal of Louisiana. Second Circuit.

Feb. 4, 1941.

E. W. & P. N. Browne, of Shreveport, for appellant.

C. B. Prothro, of Shreveport, for appellee.

DREW, Judge.

This is a suit to annul and cancel from the records an oil and gas lease executed by plaintiff to the defendant in the year 1936. The reason alleged for annulling the lease is that defendant, lessee, failed to commence drilling operations on the land covered by the lease within the period specified therein.

Defendant denied that he had violated any of the provisions of the lease and specially denied that he had failed to commence drilling operations within the period of time specified in the lease.

These are the only issues raised by the pleadings, however, a copy of the lease is attached to the petition and made part thereof.

The lower court awarded judgment for the plaintiff as prayed for and defendant is prosecuting this appeal.

On November 14, 1936, plaintiff executed an oil and gas lease to defendant covering the South 20 acres of the NE¼ of NE¼, Section 29, Township 21, Range 15, Caddo Parish, Louisiana. The consideration was $100 and the lease contained the following provision: "If operations for drilling are not commenced on said land on or before ninety days from this date, this lease shall then terminate as to both parties."

It further provided that if, "prior to discovery of oil or gas on said land, lessee, should drill a dry hole or holes thereon, or if after discovery of oil or gas the production thereon should cease from any cause, this lease shall not terminate if the lessee commences additional drilling or reworking operations within sixty days thereafter * * *."

■ The lease having been attached to and made a part of the petition, its provisions as set out therein would control over the allegations of the petition if they had not been changed as they were by the extension executed on November 29, 1937, which reads as follows:

"State of Louisiana
"Parish of Caddo.

"Before me, the undersigned authority, personally came and appeared Mrs. Clara Hobbs Crye, who declared that for and in consideration of the sum of $100.00, she has extended and does hereby extend the period of beginning operations on the lease executed by her on November 14, 1936, in favor of R. Wells Giles, to the 15th day of January, 1938. Said lease being recorded in Conveyance Book 372, page 513 of the Records of Caddo Parish, Louisiana, and covering and applying to the following described property:

"South 20 acres of NE¼ of NE¼ of Section 29, Township 21 North, Range 15 West, Caddo Parish, Louisiana.

"It is expressly agreed by and between the parties hereto that if operations for drilling are commenced on or before January 15, 1938, the said lease is to continue in force in all its terms and stipulations.

"Thus done and signed on this the 29th day of November, 1937, in the presence of A. B. Crye and W. M. Hobbs, undersigned competent witnesses, and me, Notary."

The evidence discloses that during the primary term of said lease a dry hole was drilled by the defendant. Not being ready to commence the drilling of a second well within the period fixed by the lease, he secured an extension of the term. He likewise secured the second and third extension, the last making the extension of the term January 15, 1938.

■ During the month of October, 1937, defendant erected a derrick on the land and prior to January 15, 1938, had a slush pit dug and placed three or four hundred feet of drill stem on the ground. During the latter part of January and in February, he had one man patching the road leading to the lease and in February had a man to dig a reserve pit. Nothing else was done until March 14, 1938, when plaintiff filed the present suit.

Under the jurisprudence of this State and many other jurisdictions, the acts above set forth constitute a commencing of operations for drilling by the lessee. Hudspeth v. Producers' Oil Company, 134 La. 1013, 64 So. 891; Fleming Oil & Gas Company v. South Penn Oil Company, 37 W.Va. 645, 17 S.E. 203; Henderson v. Ferrell, 183 Pa. 547, 38 A. 1018; Robinson v. Gordon Oil Company, 258 Mich. 643, 242 N.W. 795; Terry v. Texas Company, Tex.Civ.App., 228 S.W. 1019; Cromwell v. Lewis, 98 Okl. 53, 223 P. 671; McCallister v. Texas Company, Tex.Civ.App., 223 S.W. 859.

Defendant contends that it was impossible to move his drilling rig onto the lease during the months of January and February for the reason it was at another location and surrounded or under five feet of water.

Plaintiff did not allege nor attempt to prove that defendant did not prosecute with due diligence the operations which he had commenced, and when counsel for defendant asked the defendant's superintendent if these operations were done with the intention of drilling a second well on the lease, it was objected to by plaintiff's counsel and the objection sustained. The same objection and ruling were made to the following question: "I will ask you if under these operations your intention as

"superintendent for Mr. Giles was to continue operations until a well was drilled?"

"It is clear, therefore, that the case must be determined upon the lone issue presented, which is, did defendant commence operations for drilling for oil or gas on the lease prior to January 15, 1938?"

"We are forced to answer the question in the affirmative; and it therefore follows that the judgment of the lower court is incorrect and is now reversed and the demands of plaintiff are rejected at her costs."