### HEARD v. PRATT et al.   (No. 7041.)*

(Court of Civil Appeals of Texas. San Antonio. Dec. 12, 1923. Rehearing Denied Jan. 9, 1924.)

1. **Appeal and error ⊛1003—Findings of fact not disturbed.**

Jury's findings on issues of fact properly submitted cannot be disturbed whether the evidence preponderates the other way or not.

2. **New trial ⊛72—That overwhelming weight of evidence is against jury's findings does not require new trial.**

That the overwhelming weight of evidence is against the jury's findings does not require the granting of a new trial where such findings are supported by the testimony.

3. **Mines and minerals ⊛78(7)—Financial ability of lessee under oil and gas lease held properly submitted to jury.**

In an action to cancel an oil and gas lease, the issue whether defendants had financial ability to procure sufficient means for carrying out their contract held fairly made by the pleadings and properly submitted by the jury.

4. **Appeal and error ⊛1026—Duty of appellate courts to affirm judgments when possible.**

It is the duty of appellate courts to affirm judgments when possible.

5. **Mines and minerals ⊛78(2)—Payment of inadequate nominal consideration of $1 for lease held immaterial as affecting right to cancel.**

Payment of the inadequate nominal consideration of $1 recited in an oil and gas lease held immaterial as affects the lessor's right to cancel, where obviously the real consideration was the development of the property by the commencement of a well, which has been commenced.

6. **Trial ⊛350(2)—Refusal to submit requested issue held not error.**

Refusal to submit a special requested issue not raised by the pleading and not involving any material issue or ultimate fact to be ascertained is not error.

**7. Trial ⊚⟿350(4)—Requested issue submitting only evidentiary matter properly rejected.**

In an action to cancel an oil and gas lease, where defendants' financial ability to carry it out was in issue, refusal to require the jury to determine whether defendants had succeeded in obtaining funds on a particular trip *held* not error, the requested finding being not on any ultimate or substantial fact.

**8. Mines and minerals ⊚⟿78(7)—Refusal to submit issue of abandonment in action to cancel oil lease held not error.**

In an action to cancel an oil and gas lease, where plaintiff had notified defendant lessees that their contract was at an end and forbade them to continue development and threatened them as trespassers, the refusal to submit an issue of abandonment by defendants *held* not error.

**9. Witnesses ⊚⟿319— Testimony for purpose of impeachment as to immaterial matter inadmissible.**

Testimony for the purpose of impeachment as to an immaterial matter is inadmissible.

**10. Mines and minerals ⊚⟿78(7)—Commencement of well and good faith of parties ordinarily questions for jury.**

Ordinarily questions whether or not a well has been commenced in accordance with the terms of a lease, and the good faith of the parties, are of fact for the jury.

**11. Mines and minerals ⊚⟿78(1)—Lessees precluded by lessor from commencing operations as required by lease held entitled to additional time.**

In an action to cancel an oil and gas lease, where it has been determined that the defendants were prevented by plaintiff from commencing operations within the time required by the lease, *held*, defendants were entitled to a length of time equal to that lost, because of plaintiff's action, within which to perform conditions of the lease after the ultimate decision or final determination of the case.

Error from District Court, Refugio County; John M. Green, Judge.

Action by Fannie V. W. Heard against Thomas H. Pratt and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Samuel B. Dabney, of Houston, and W. H. Kennon, of San Antonio, for plaintiff in error.

J. Turner Vance, of Refugio, and Dougherty, Dougherty & Tarlton, of Beeville, for defendants in error.

COBBS, J. Plaintiff in error sued defendants in error to cancel that certain lease to S. H. Burt, dated February 27, 1920, on 1,334 acres of land in Refugio county, Tex. The lease, expressing a nominal consideration of $1, was for the "purpose of mining and operating for oil and gas and of laying pipe lines, and of building tanks, power stations and structure thereon to produce, save and take care of said products," and to "remain in force for a term of three years from this [its] date, and as long thereafter as oil or gas or either of them is produced from said land by the lessee." A further consideration was that Burt was "to deliver to the credit of lessor, free of cost, in the pipe line to which he may connect his wells, the equal one-eighth part of all oil produced and saved from the leased premises," and other payments therefor to be made as provided for in paragraphs 2 and 3 of the contract for gas used, not necessary to mention here.

The contract provided for the assignment of the lease to other parties. It also contained the important stipulation in respect to which this litigation came about, to wit:

"If no well be commenced on said land on or before the 27th day of February, 1921, this lease shall terminate as to both parties."

The suit is grounded upon the theory that neither Burt nor his assignees commenced a well upon the premises on or before the 27th day of February, 1921, nor in good faith did anything towards the development, but on the contrary abandoned it, and further conspired with each other to hinder and embarrass the plaintiff in the full use and enjoyment and development of the premises, creating a cloud upon the title to her land.

Defendants in error admitted the execution of the lease, and alleged that Burt took said lease for himself and his several associates, J. W. Kukuk, C. F. Nichols, W. E. Wakeman, and L. M. Henry, who composed the firm of San Patricio Oil & Gas Company, and who were engaged in securing oil leases and the sale thereof, as well as in the development to secure oil and gas.

They averred that they "did commence a well on said tract of land, on or before the 27th day of February, 1921, as required in the lease"; but, if they failed in any particular, it was because of the acts of plaintiff in error in stopping and preventing them from so doing, which was the sole cause for their discontinuing the work; that such action and conduct on her part constituted an acquiescence and agreement on her part in such delay, so occasioned, and she cannot complain thereat.

They denied that it was abandoned, but that they continued in their desire and intention to complete it at the earliest opportunity, as soon as plaintiff in error ceased her interference with their work. They prayed that their title be confirmed and established in the lease, and that she be enjoined from further interference, etc., and that the court adjudged what would be a reasonable time after final judgment in which to begin work, substituted for the time for which they

were deprived of their right to begin, after final decree.

Plaintiff in error pleaded a failure of consideration for the lease; that the $1 consideration was never paid, and was inadequate; that Burt and his associates were financially unable to perform their drilling contract, and that no operations were ever started by them in good faith.

All the parties filed adequate pleadings, responsive and otherwise sufficient, to go to the jury.

The case was tried with a jury on special issues submitted by the court, which together with their answers are as follows:

"(1) Did or not S. H. Burt, or any of his associates. commence, or cause to be commenced, a well for oil or gas on or before February 27, 1921?" To which issue the jury answered, "Yes."

"(2) Did they, that is, the said Burt or any or all of his associates, have financial ability to procure sufficient means to drill a well for oil or gas on said premises at said time, February 27, 1921? Answer: 'Yes.'"

Judgment was entered upon the 21st day of October, 1922, confirming and establishing said contract and rights thereunder in the said defendants in error, Pratt and Hewit, to all the land described in said lease, save and except the 20 acres declared to be in the defendant Zarsky. The judgment further ordered that the plaintiff be enjoined from interfering with the operations of drilling under such lease, and that she take nothing and pay all costs.

By agreement it was left to the court to determine what was a reasonable time in which to resume operations after the determination of the issues by the judgment of the court, and the court fixed 60 days. Defendants in error moved the court to give them 60 days "after the ultimate decision or final determination of the case," which the court refused, and this action of the court was duly excepted to by defendants in error, who assigned cross-error thereon.

The first assignment is a contention that this case should not have been submitted to the jury. But the answer to plaintiff in error's first assignment of error, that there was no evidence to justify the submission, is found in the statement of facts to the contrary.

[1] Without discussing and setting out the lengthy testimony pro and con of the witnesses, we find there was sufficient material testimony to support the finding of the jury, that Burt or his associates did commence a well for oil or gas on or before February 27, 1921, as well as all the other issues. The court heard this testimony as well and refused to set their finding aside. In such a matter as this, when it involves the finding of a jury upon issues of fact properly submitted to it by the trial court, we are precluded from interfering with it, whether the evidence preponderated the other way or not.

[2] The trial court was not required to grant a new trial, as contended by plaintiff in error, merely on the ground "that the overwhelming weight of evidence was against their finding." This was the province of the jury; only they had the right to pass upon the weight and credibility of the witnesses. This they did do and found in favor of defendants in error on the whole issue, and, as such finding was supported by testimony, their finding will not be disturbed.

For the same reason we overrule the plaintiff in error's assignment that the court erred in not directing the jury to return a verdict for plaintiff in error.

The proposition of law contended for by plaintiff in error, in the absence of any fact proven to justify it, that "the verdict of the jury could only have been reached by prejudice or gross misapprehension," cannot be approved, and the deduction reached upon her theory of the case, "that the evidence showed that their operations were a mere sham and the jury could have reached their verdict only by gross misapprehension or prejudice," cannot in the absence of testimony be sustained, either as a correct proposition of law or a justifiable criticism based upon the facts. This would amount to permitting the litigant's conclusion to override the jury's province.

[3] Complaint is made and error is assigned to the action of the court in submitting the issue as to defendant in errors' ability to procure sufficient means to drill a well for oil or gas on said premises at said time, February 27, 1921. There was no error in this ruling. The issue was fairly made and testimony offered pro and con as to their ability to secure means, and on that issue the jury found in the affirmative. The testimony was permitted by the court to go to the jury for their finding, upon a proper charge. There was sufficient evidence to support the jury's finding, and we are not permitted to make or substitute a finding on the same evidence contrary to the jury's finding, as seems to be the idea; as plaintiff in error contends, it is "the duty of a higher court to do what the lower court should have done and set it aside."

[4] Such is not the law. It is the duty of appellate courts to affirm judgments, when possible to do so, and not disturb the findings of juries when supported by testimony.

A careful examination of the authorities on the subject will disclose a material difference in the language used in different contracts, in respect to beginning to bore for oil or gas. In some cases, as in the instant case, it requires the well to be commenced within a stated period, and, again, in another class of leases such as is disclosed in the cited

case of Moore v. West (Tex. Civ. App.) 239 S. W. 710, the requirement was to begin actual work of drilling for oil or gas. The question there was submitted to the jury to find as a fact whether such beginning was made, and the jury found it had not been made.

In Clutter v. Wisconsin Texas Oil Co. (Tex. Civ. App.) 233 S. W. 322, and De Flores v. Smith (Tex. Civ. App.) 236 S. W. 505, the language was similar to the language in this lease as to beginning operations. In those cases the question of beginning was held to be a jury question, either as to commencing or abandonment.

While there was in this case no evidence that any drilling whatsoever was done, there was no requirement of that kind, as in Moore v. West (Tex. Civ. App.) 239 S. W. 710; but there was evidence here to show that the place was selected for the location of an oil well, timbers hauled, derrick erected, and machinery placed on the ground for drilling operations, a well dug to supply water for drilling, arrangements completed for 'fuel and for labor and for the financing of the well, before the time fixed in the contract for the beginning or commencing.

This testimony is strongly contested by plaintiff in error, but that matter was solely within the power of the jury to pass upon. We cannot, in such a case as here presented, interfere with their finding. Upon all the issues of fact, including good faith and financial ability, the jury found for defendants in error.

[5] The nominal $1 consideration, of course, was inadequate, but that was not the sole and real consideration. Obviously, the real consideration was the development of the property by the commencement of an oil or gas well, and when that consideration had been performed it was of no consequence whether the $1 consideration was paid or not paid. McKay v. Tally (Tex. Civ. App.) 220 S. W. 167.

There was no error of the court in refusing plaintiff in error's request for a peremptory instruction as to the 350 acres acquired by defendants in error from Roycroft, because the contract was complied with by the commencement of a well within the stated period of time on another part of the leased premises.

[6] There was no error in refusing to submit special issue No. 4, requested by plaintiff in error, since it was not raised by the pleadings or as involving any material issue in the case; that is, involving no ultimate fact to be ascertained. Texas City Transportation Co. v. Winters (Tex. Com. App.) 222 S. W. 541.

[7] There was no error on the part of the court in refusing to instruct the jury to ascertain whether Burt succeeded in obtaining funds on his trip north, to proceed with the drilling of the well. It called for a finding not upon any ultimate or substantial fact raised by the pleadings or evidence.

[8] The court did not err in refusing to submit any issue of abandonment to the jury, for there was no such issue in the case. The plaintiff in error notified the lessees that their contract was at an end and forbade then to continue the development, and threatened them as trespassers.

The court refused plaintiff in error's special issue No. 6, because the evidence showed the lease was made for the benefit of Burt and his associates.

[9] The fourteenth proposition of error cannot be sustained. It is not supported by the record. The testimony was properly refused. It was irrelevant and could not be admitted to impeach upon an immaterial matter.

[10] In contracts similar to the one under consideration it is not permissible for the court to determine as a matter of law, when there are issues of fact in the case, whether or not a well has been commenced in accordance with the terms of the contract. What constitutes a commencement of an oil or gas well, ordinarily involves a question of fact. The facts differ in different cases. Very much may have been done in some cases, and large sums of money may have been expended in getting ready to drill; while in others very little is expended, but sufficient to fix the right to continue development. We unhesitatingly say these questions and the good faith of the parties all should go before the jury, for it to determine in the proper case the real and concrete fact. Forney v. Ward, 62 S. W. 108; Terry v. Texas Co. (Tex. Civ. App.) 228 S. W. 1019; McCallister v. Texas Co. (Tex. Civ. App.) 223 S. W. 859.

[11] We do not think plaintiff in error is in any position to complain at the request of defendants in error to have a definite time fixed for the commencement of the work after their litigation is terminated, since it was because of the action of plaintiff in error that operations were discontinued. We hold that a length of time equal to the time they were prevented from continuing the work be granted. Texas Pac. Coal & Oil Co. v. Patton (Tex. Com. App.) 238 S. W. 203, and other cases cited by defendants in error. We shall reform the judgment of the trial court so as to give defendants in error 60 days from and after the ultimate decision or final determination of this case.

We have carefully read and considered all the assignments of error, presented by plaintiff in error, and find no reversible error assigned. They are overruled.

The judgment of the trial court as reformed is affirmed.