**Gail Ann JOPPICH, Appellant,**

v.

**1464–EIGHT, LTD., a Texas Limited Partnership, and Millis Management Corporation, Appellees.**

No. 01–01–00742–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 19, 2002.

G.P. Matherne, Houston, for Appellant.

Christopher M. Brown, Jenkens & Gilchrist, Houston, for Appellee.

Panel consists of Justices HEDGES, KEYES, and DUGGAN.*

## OPINION

ADELE HEDGES, Justice.

Plaintiff/appellant, Gail Ann Joppich ("Buyer"), sued defendants/appellees, 1464–Eight, Ltd., a Texas Limited Partnership, and Millis Management Corporation ("Developer"), under the Declaratory Judgment Act for construction of an option contract and for removal of a cloud on title to real estate. Developer counterclaimed for specific performance of the contract. Buyer asserted the affirmative defenses of lack or failure of consideration. After both parties moved for summary judgment, the trial court rendered summary judgment for Developer. Developer then moved for entry of judgment. The trial court rendered a final judgment for Developer, which declared the option contract enforceable and awarded Developer costs and attorney's fees. We reverse and remand.

## Background

Buyer and Developer entered into an earnest money contract, under which Buyer agreed to buy and Developer agreed to sell real estate in Fort Bend County. An addendum, which was attached to the earnest money contract, provided that, at the time of closing, Buyer would grant Developer an option to repurchase the property if Buyer did not begin construction of a primary residence on the property within 18 months from closing. Despite the addendum's reference to an attached sample option agreement, there was no option agreement attached to the earnest money contract. At closing, the closer presented the option agreement, which Buyer and Developer signed. The option agreement recited that Developer paid consideration in the amount of ten dollars.[1]

Buyer did not begin construction of a primary residence on the property within 18 months of the closing date. On September 4, 1999, Developer sent Buyer a

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The option contract stated as follows:

    1. *Grant of Option.* In consideration of the sum of Ten and No/100 ($10.00) Dollars ("Option Fee") paid in cash by Developer, the receipt and sufficiency of which is hereby acknowledged and confessed [Buyer] hereby grants to Developer the exclusive right and option to purchase [the property]. This Option may be exercised at any time from and after January 21, 1999....
    . . . .

    3. *Expiration Date.* This Option shall automatically expire at 5:00 o'clock p.m. on the date which is five (5) years after the date of execution and recording in the Office of the County Clerk of Fort Bend County, Texas unless prior to the expiration date this Option is exercised by Developer.
    4. *Termination.* This Option shall automatically terminate on the date that [Buyer], or [Buyer's] assigns, commence construction of a primary residence which has been approved by the Architectural Control Committee....

"Notice of Intent to Exercise Option," which set a closing date of October 4, 1999. On October 1, 1999, Buyer sued Developer, seeking a declaratory judgment that the option contract was unenforceable. The trial court rendered judgment for Developer, declared the option contract valid and enforceable, ordered Buyer to sell the property in compliance with the terms of the option contract, and awarded Developer costs and attorney's fees.

In five issues, Buyer contends that the trial court erred in: (1) enforcing the option contract because it was unenforceable for lack or failure of consideration; (2) considering inadmissible summary judgment evidence; (3) conducting a hearing on Developer's amended motion to enter final judgment without giving Buyer proper notice; (4) awarding attorney's fees; and (5) awarding specific performance.

### Standard of Review

■ We review the granting of a motion for summary judgment under the usual standard of review. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When both parties move for summary judgment, we review the summary judgment evidence presented by both sides. *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex.1997). When the trial court grants one party's motion and denies the other's, the non-prevailing party can appeal both the summary judgment rendered against it, and the denial of its own motion. *Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex.1996).

### Lack or Failure of Consideration

■ In the first issue, Buyer contends that the trial court erred in enforcing the contract because it was unenforceable for lack or failure of consideration. Specifically, Buyer asserts that Developer's failure to actually pay the $10 consideration renders the contract unenforceable.

At closing, Buyer signed the option contract, in which Buyer granted Developer an option to repurchase the property for 90% of the original purchase price. The option period commenced 18 months from closing; it expired five years from the date of closing; and it terminated when Buyer began construction of a primary residence on the property. The option contract stated that Developer paid consideration in the amount of ten dollars, as follows:

> In consideration of the sum of Ten and No/100 ($10.00) Dollars ("Option Fee") paid in cash by Developer, the receipt and sufficiency of which is hereby acknowledged and confessed.

In support of its position that there was no failure of consideration, Developer relies on two oil and gas cases from the 1920s: *McKay v. Tally*, 220 S.W. 167 (Tex. Civ.App.-Amarillo 1920, no writ) and *Heard v. Pratt*, 257 S.W. 660 (Tex.Civ. App.-San Antonio, 1924, writ dism'd). In *McKay*, the court held that the recitation regarding payment of the $1 nominal consideration created an obligation to pay, even if the $1 was not actually paid. 220 S.W. at 170. Thus, Developer argues that the option contract's recitation created an obligation for Developer to pay the ten dollars, even if the sum was not actually paid. *See id.* In *Heard v. Pratt*, the court held that payment of the $1 nominal consideration was immaterial. 257 S.W. at 663.

These two oil and gas cases are distinguishable. In those cases, the payor of the $1 nominal consideration provided additional consideration through its promise to develop oil or gas wells and to pay royalties to the payee upon production. For example, the *Heard* court explained that the $1 consideration was not the "sole and real consideration." *Id.*

Obviously, the real consideration was the development of the property by the commencement of an oil or gas well, and when that consideration had been performed it was of no consequence whether the $1 consideration was paid or not paid.

*Id.* (citing *McKay,* 220 S.W. at 167).

In this case, however, the development obligations are reversed. The payor of the $10 consideration, the Developer, did not promise to develop the land. Instead, the payee, Buyer, assumed the promise to begin construction of a primary residence on the property. Developer gave no additional consideration.

Developer argues that the property itself, which was the consideration exchanged under the earnest money contract, serves as additional consideration for the option granted within it. We disagree. Based on the merger doctrine, the earnest money contract was superseded by agreements executed at closing. *Alvarado v. Bolton,* 749 S.W.2d 47, 48 (Tex.1988). At closing, the parties executed the option contract, which recited, "In consideration of the sum of Ten and No/100 ($10.00) Dollars." Therefore, the option contract did not mention any "other good and valuable consideration," such as the property itself.

■ A recital of acknowledgment of consideration received, such as this one, is no more than a statement of fact, which may be contradicted by parol evidence. *Boy Scouts of Am. v. Responsive Terminal Sys., Inc.,* 790 S.W.2d 738, 744 (Tex.App.-Dallas 1990, writ denied). Buyer filed an affidavit stating that Developer never tendered the $10 consideration. In response to discovery requests, Developer stated that it was unable to admit or deny whether it paid the $10. Developer did not produce any cancelled checks, receipts, or other documentary evidence. Therefore,

summary judgment for Developer was improper.

We sustain the first issue.

In light of our disposition of the first issue, we need not address the remaining issues and decline to do so.

### Conclusion

We reverse the judgment of the trial court and remand the cause to the trial court for proceedings consistent with this opinion. Any pending motions are overruled as moot.