In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00742-CV
____________

GAIL ANN JOPPICH, Appellant

V.

1464-EIGHT, LTD., A TEXAS LIMITED PARTNERSHIP, 
AND MILLIS MANAGEMENT CORPORATION, Appellees




On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 110832




O P I N I O N
          Plaintiff/appellant, Gail Ann Joppich (“Buyer”), sued defendants/appellees,
1464-Eight, Ltd., a Texas Limited Partnership, and Millis Management Corporation
(“Developer”), under the Declaratory Judgment Act for construction of an option
contract and for removal of a cloud on title to real estate. Developer counterclaimed
for specific performance of the contract. Buyer asserted the affirmative defenses of
lack or failure of consideration. After both parties moved for summary judgment, the
trial court rendered summary judgment for Developer. Developer then moved for
entry of judgment. The trial court rendered a final judgment for Developer, which
declared the option contract enforceable and awarded Developer costs and attorney’s
fees. We reverse and remand.
Background
          Buyer and Developer entered into an earnest money contract, under which
Buyer agreed to buy and Developer agreed to sell real estate in Fort Bend County. 
An addendum, which was attached to the earnest money contract, provided that, at
the time of closing, Buyer would grant Developer an option to repurchase the
property if Buyer did not begin construction of a primary residence on the property
within 18 months from closing. Despite the addendum’s reference to an attached
sample option agreement, there was no option agreement attached to the earnest
money contract. At closing, the closer presented the option agreement, which Buyer
and Developer signed. The option agreement recited that Developer paid
consideration in the amount of ten dollars.


 
          Buyer did not begin construction of a primary residence on the property within
18 months of the closing date. On September 4, 1999, Developer sent Buyer a
“Notice of Intent to Exercise Option,” which set a closing date of October 4, 1999.
On October 1, 1999, Buyer sued Developer, seeking a declaratory judgment that the
option contract was unenforceable. The trial court rendered judgment for Developer,
declared the option contract valid and enforceable, ordered Buyer to sell the property
in compliance with the terms of the option contract, and awarded Developer costs and
attorney’s fees. 
          In five issues, Buyer contends that the trial court erred in: (1) enforcing the
option contract because it was unenforceable for lack or failure of consideration; (2)
considering inadmissible summary judgment evidence; (3) conducting a hearing on
Developer’s amended motion to enter final judgment without giving Buyer proper
notice; (4) awarding attorney’s fees; and (5) awarding specific performance.
Standard of Review
          We review the granting of a motion for summary judgment under the usual
standard of review. See Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49
(Tex. 1985). When both parties move for summary judgment, we review the
summary judgment evidence presented by both sides. Commissioners Court v. Agan,
940 S.W.2d 77, 81 (Tex. 1997). When the trial court grants one party’s motion and
denies the other’s, the non-prevailing party can appeal both the summary judgment
rendered against it, and the denial of its own motion. Holmes v. Morales, 924 S.W.2d
920, 922 (Tex. 1996).
Lack or Failure of Consideration
          In the first issue, Buyer contends that the trial court erred in enforcing the
contract because it was unenforceable for lack or failure of consideration. 
Specifically, Buyer asserts that Developer’s failure to actually pay the $10
consideration renders the contract unenforceable.
          At closing, Buyer signed the option contract, in which Buyer granted
Developer an option to repurchase the property for 90% of the original purchase
price. The option period commenced 18 months from closing; it expired five years
from the date of closing; and it terminated when Buyer began construction of a
primary residence on the property. The option contract stated that Developer paid
consideration in the amount of ten dollars, as follows:
In consideration of the sum of Ten and No/100 ($10.00) Dollars
(“Option Fee”) paid in cash by Developer, the receipt and sufficiency of
which is hereby acknowledged and confessed. 
          In support of its position that there was no failure of consideration, Developer
relies on two oil and gas cases from the 1920s: McKay v. Tally, 220 S.W. 167 (Tex.
Civ. App.—Amarillo 1920, no writ) and Heard v. Pratt, 257 S.W. 660 (Tex. Civ.
App.—San Antonio, 1924, writ dism’d). In McKay, the court held that the recitation
regarding payment of the $1 nominal consideration created an obligation to pay, even
if the $1 was not actually paid. 220 S.W. at 170. Thus, Developer argues that the
option contract’s recitation created an obligation for Developer to pay the ten dollars,
even if the sum was not actually paid. See id. In Heard v. Pratt, the court held that
payment of the $1 nominal consideration was immaterial. 257 S.W. at 663.
          These two oil and gas cases are distinguishable. In those cases, the payor of
the $1 nominal consideration provided additional consideration through its promise
to develop oil or gas wells and to pay royalties to the payee upon production. For
example, the Heard court explained that the $1 consideration was not the “sole and
real consideration.” Id. 
Obviously, the real consideration was the development of the property
by the commencement of an oil or gas well, and when that consideration
had been performed it was of no consequence whether the $1
consideration was paid or not paid. 

Id. (citing McKay, 220 S.W. at 167).
          In this case, however, the development obligations are reversed. The payor of
the $10 consideration, the Developer, did not promise to develop the land. Instead,
the payee, Buyer, assumed the promise to begin construction of a primary residence
on the property. Developer gave no additional consideration. 
          Developer argues that the property itself, which was the consideration
exchanged under the earnest money contract, serves as additional consideration for
the option granted within it. We disagree. Based on the merger doctrine, the earnest
money contract was superseded by agreements executed at closing. Alvarado v.
Bolton, 749 S.W.2d 47, 48 (Tex. 1988). At closing, the parties executed the option
contract, which recited, “In consideration of the sum of Ten and No/100 ($10.00)
Dollars.” Therefore, the option contract did not mention any “other good and
valuable consideration,” such as the property itself. 
          A recital of acknowledgment of consideration received, such as this one, is no
more than a statement of fact, which may be contradicted by parol evidence. Boy
Scouts of Am. v. Responsive Terminal Sys., Inc., 790 S.W.2d 738, 744 (Tex.
App.—Dallas 1990, writ denied). Buyer filed an affidavit stating that Developer
never tendered the $10 consideration. In response to discovery requests, Developer
stated that it was unable to admit or deny whether it paid the $10. Developer did not
produce any cancelled checks, receipts, or other documentary evidence. Therefore,
summary judgment for Developer was improper.
          We sustain the first issue.
          In light of our disposition of the first issue, we need not address the remaining
issues and decline to do so. 
Conclusion
          We reverse the judgment of the trial court and remand the cause to the trial
court for proceedings consistent with this opinion. Any pending motions are
overruled as moot.



                                                                                  Adele Hedges
                                                                                  Justice
 
Panel consists of Justices Hedges, Keyes, and Duggan.



Publish. Tex. R. App. P. 47.4.