COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-112-CV
 
BERNARD V. CARRICO, JR. AND       
           
           
           
           
    APPELLANTS
JUDITH A. CARRICO
V.
GEORGE KONDOS AND                                                                    
    APPELLEES
CAROL KONDOS
------------
FROM THE PROBATE COURT OF DENTON COUNTY
------------
OPINION
------------
Introduction
Appellants Bernard V. Carrico, Jr.
and Judith A. Carrico (Carricos) appeal from a summary judgment dismissing with
prejudice their claims against appellees George Kondos and Carol Kondos (Kondoses).
We reverse the summary judgment and remand the case to the trial court.
Factual Background
In December 1990 the Carricos
conveyed a tract of real property in Flower Mound to the Kondoses. In February
1991 the Kondoses and the Carricos executed an Agreement (ROFR), in which the
Kondoses agreed to give the Carricos written notice of any bona fide third party
offer to purchase the property and granted the Carricos a right of first refusal
to purchase the property on the terms of any such offer. On June 5, 1998, the
Kondoses conveyed the property to Robbins Enterprises, Inc. (Robbins) without
having first given the Carricos notice in accordance with the ROFR.
On June 30, 1998, Carol Kondos
notified the Carricos that the property had been sold to Robbins. The Carricos'
attorney then wrote a letter to the Kondoses claiming that the Kondoses had
breached the ROFR and demanding either specific performance of the ROFR or
damages. The Kondoses' attorney responded with a letter indicating that Robbins
had agreed to sell the property to the Carricos in accordance with the terms of
Robbins's purchase. Because the property had already been sold to Robbins, and
the Carricos argued that they could have obtained more favorable financing when
Robbins initially made its offer to the Kondoses, the Carricos did not accept
this offer.
Robbins brought a suit to quiet
title against the Carricos and also sought a declaratory judgment that Robbins
owned the property free and clear of any claims of the Carricos. The Carricos
counterclaimed and also brought a cross-claim against the Kondoses, seeking a
determination that the Carricos were entitled to ownership of the property,(1)
or, in the alternative, seeking damages for the Kondoses' breach of the ROFR.
Robbins and the Carricos settled
their claims against each other. Robbins paid the Carricos $30,000, and the
Carricos released all claims to ownership of the property. The Kondoses then
filed a motion for summary judgment against the Carricos, which the trial court
granted on the sole ground that the Carricos' claim against the Kondoses was
barred by the election of remedies doctrine.
Standard of Review
In a summary judgment case, the
issue on appeal is whether the movant met his summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979). The burden of proof is on the movant, and all doubts about the
existence of a genuine issue of material fact are resolved against the movant. Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Friendswood Dev. Co. v.
McDade + Co., 926 S.W.2d 280, 282 (Tex. 1996); Great Am. Reserve Ins.
Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).
Therefore, we must view the evidence and its reasonable inferences in the light
most favorable to the nonmovant. Great Am., 391 S.W.2d at 47.
In deciding whether there is a
material fact issue precluding summary judgment, all conflicts in the evidence
are disregarded, and the evidence favorable to the nonmovant is accepted as
true. Rhone-Poulenc, 997 S.W.2d at 223; Harwell v. State Farm Mut.
Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Evidence that favors the
movant's position will not be considered unless it is uncontroverted. Great
Am., 391 S.W.2d at 47.
A defendant is entitled to summary
judgment on an affirmative defense if the defendant conclusively proves all the
elements of the affirmative defense. KPMG Peat Marwick, 988 S.W.2d at
748. To accomplish this, the defendant-movant must present summary judgment
evidence that establishes each element of the affirmative defense as a matter of
law. Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).
This court must consider all
summary judgment grounds the trial court ruled on and the movant preserved for
appellate review that are necessary for final disposition of the appeal. Cincinnati
Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996). To preserve the
grounds, the party must raise them in the summary judgment proceeding and
present them in an issue or cross-point on appeal. Id.
Analysis
Election of Remedies
In their first issue, the Carricos
contend that as a matter of law the election of remedies doctrine does not bar
their claims against the Kondoses. An election of remedies is

 the act of choosing between two
 or more inconsistent but coexistent modes of procedure and relief allowed by
 law on the same state of facts. When a party thus chooses to exercise one of
 them he abandons his right to exercise the other remedy and is precluded from
 resorting to it.

Custom Leasing, Inc. v. Tex.
Bank & Trust Co., 491 S.W.2d 869, 871 (Tex. 1973); City of Glenn
Heights v. Sheffield Dev. Co., 55 S.W.3d 158, 165 (Tex. App.--Dallas 2001,
pet. denied). The election doctrine may constitute a bar to relief when
"(1) one successfully exercises an informed choice (2) between two or more
remedies, rights or states of facts (3) which are so inconsistent as to (4)
constitute manifest injustice." Sheffield, 55 S.W.3d at 164
(quoting Bocanegra v. Aetna Life Ins. Co., 605 S.W.2d 848, 851 (Tex.
1980)). The doctrine is meant "to prevent a party who has obtained a
specific form of remedy from obtaining a different and inconsistent remedy for
the same wrong." Fina Supply, Inc. v. Abilene Nat'l Bank, 726
S.W.2d 537, 541 (Tex. 1987). The doctrine does not apply to "the assertion
of distinct causes of action against different parties arising out of
independent transactions with such parties. There is no election where the
remedies are neither inconsistent nor repugnant." Haskell v. Border
City Bank, 649 S.W.2d 133, 135-36 (Tex. App.--El Paso 1983, no writ).
An election between remedies
occurs, at the latest, when a party proceeds to final judgment on one claim with
knowledge of an inconsistent claim or remedy. Sheffield, 55 S.W.3d at
165. Generally, it is the obtaining of a judgment on one theory or state of
facts that precludes the ability to pursue other inconsistent remedies. Id.
at 165, 167-68.
The election of remedies doctrine
does not apply here because the two remedies at issue are not inconsistent. The
Carricos' claim against Robbins was for ownership of the property. The Carricos
did not proceed to judgment on that claim, but instead settled the case for
$30,000. In the settlement agreement, the Carricos relinquished any rights they
may have had to ownership of the property. The Carricos and Robbins entered into
the settlement agreement to "eliminate the continued uncertainty, delay and
expense associated with [the suit between Robbins and the Carricos]."
The Kondoses contend that the
Carricos' acceptance of the $30,000 is inconsistent with their claims against
the Kondoses for breach of contract. We do not agree. The Carricos accepted the
$30,000 in exchange for relinquishing all ownership rights in the property and
for dismissing their counterclaim against Robbins. Giving up the right to sue
for ownership of the property and accepting $30,000 for doing so is not
inconsistent with pursuing a claim for damages incurred as a result of not being
given the opportunity to purchase the property at a specified time. We hold that
as a matter of law the election of remedies doctrine does not bar the Carricos'
claims against the Kondoses for breach of the ROFR. Accordingly, we sustain the
Carricos' first issue.(2)
Failure of
Consideration
The Kondoses raised two other
grounds in their summary judgment motion, which the trial court denied. In two
issues,(3) the Kondoses contend that the summary
judgment should be affirmed on those grounds.(4)
The first ground the Kondoses assert is that the ROFR was not supported by
consideration. The ROFR contained a recital that the parties' agreement was
entered into "for and in consideration of Ten and No/100 Dollars ($10.00)
and other good and valuable consideration." The Kondoses attached to their
summary judgment motion an affidavit from Carol Kondos stating that the Carricos
did not pay the $10, nor did they give any other consideration for the ROFR. The
Carricos attached to their response an affidavit from Bernard Carrico indicating
that he paid the $10.(5)
The Carricos contend that the trial
court could not consider the two affidavits because they are parol evidence and
may not be used to contradict the recital of consideration in the contract,
which shows on its face that consideration was given and received. A recital of
acknowledgment of consideration is no more than a statement of fact that may be
contradicted by parol evidence. Joppich v. 1464-Eight, Ltd., 96 S.W.3d
614, 617 (Tex. App.--Houston [1st Dist.] 2002, pet. filed); Boy
Scouts of Am. v. Responsive Terminal Sys., Inc., 790 S.W.2d 738, 744 (Tex.
App.--Dallas 1990, writ denied); Cochell v. Cawthon, 110 S.W.2d 636,
638 (Tex. Civ. App.--Amarillo 1937, writ dism'd). Thus, Bernard Carrico's
assertion in his affidavit that the Carricos paid the Kondoses the $10
consideration recited in the ROFR raises a genuine issue of material fact on the
Kondoses' affirmative defense of failure of consideration. We overrule the
Kondoses' second issue.
Election Under ROFR
In their third issue, the Kondoses
claim that the trial court should have rendered summary judgment in their favor
because after the sale to Robbins, they complied with the ROFR by informing the
Carricos that Robbins would allow the Carricos to buy the property on the same
terms that Robbins bought it; therefore, by not accepting Robbins's offer, the
Carricos chose not to exercise their rights under the ROFR and are barred from
suing the Kondoses for breach of the ROFR.
The Kondoses rely on Martin v.
Lott, 482 S.W.2d 917 (Tex. Civ. App.--Dallas 1972, no writ), as support for
their contention. The contract in Martin consisted of two letters in
which the owner of a royalty interest agreed to give Martin notice before
selling her interest, and Martin agreed to purchase the interest for a price
stated in the letters. Id. at 919. The royalty interest owner
subsequently died. Id. She had included a provision in her will
devising her royalty interest to a third party, but she provided that Martin was
entitled to the income from the interest during his life. Id. at 920.
Martin accepted nine payments under the will, but then sued the owner's estate
for specific performance of the letter agreements. Id. The issue in the
case was whether by accepting payments under the will Martin had made an
election of remedies, precluding him from obtaining specific performance based
on the owner's breach of the letter agreement by devising the interest to a
third party without prior notice. Id. at 921. The court held:

 When the owner of property
 subject to a pre-emptive right declares his intention to sell, the holder of
 the right has an election to purchase the property or decline to purchase it
 and let the owner sell it to another. A transfer in violation of the
 pre-emptive right is equivalent to such a declaration. In a suit for
 specific performance of an agreement not to sell or transfer without
 first making an offer to the plaintiff, such a transfer is considered
 equivalent to the offer which the owner has failed to make and gives the
 plaintiff an election to accept or reject, that is, to purchase or to decline
 to purchase. . . . Acquiescence in a transfer made in violation of the
 pre-emptive right would be conduct inconsistent with an intention to purchase.
 In this case, when plaintiff learned of the terms of the will, not later than
 December 2, 1970, he had an election to exercise his pre-emptive right and
 demand transfer to him of the overriding royalty interest, or to decline to
 exercise that right and acquiesce in the transfer made by the will in breach
 of the agreement. His acceptance of royalty payments before giving notice of
 exercise of his pre-emptive right may be evidence of his election to acquiesce
 in the transfer made by the will.

Id. at 922-23 (citations
omitted) (emphasis added).
The Kondoses' reliance on Martin
is misplaced because that case concerns the ability of the holder of a right of
first refusal to obtain specific performance of that right. See id. It
does not require the holder to seek specific performance. Cf. Shelton
v. Poynor, 326 S.W.2d 583, 585 (Tex. App.--El Paso 1959, writ dism'd)
(holding that upon breach of contract for sale of real property, nonbreaching
party may sue for either specific performance or damages). Here, the Carricos
did not plead specific performance, but rather sought damages based on the
Kondoses' breach. The breach of a contract by one party excuses performance by
the nonbreaching party. Mead v. Johnson Group, Inc., 615 S.W.2d 685,
689 (Tex. 1981). After a breach of contract has given rise to a cause of action,
the rights of the nonbreaching party are not affected by an offer to perform by
the breaching party. Perritt Co. v. Mitchell, 663 S.W.2d 696, 699 (Tex.
App.--Fort Worth 1983, writ ref'd n.r.e.); Sinclair Refining Co. v. Costin,
116 S.W.2d 894, 898 (Tex. Civ. App.--Eastland 1938, no writ). Thus, once the
Kondoses breached the ROFR, the Carricos were entitled to sue for damages and
did not have to further comply with the ROFR to maintain their suit.
Because as a matter of law the
Carricos were not required to comply with the ROFR after the Kondoses' breach in
order to maintain an action for breach of contract damages, we hold that the
Kondoses were not entitled to summary judgment on the third ground set forth in
their motion and, thus, overrule their third issue on appeal.
Conclusion
Having sustained the Carricos'
first issue and overruled the Kondoses' issues, we reverse the summary judgment
in favor of the Kondoses and remand the case to the trial court.
 
                                                                       
TERRIE LIVINGSTON
                                                                       
JUSTICE
 
PANEL A: DAY, LIVINGSTON, and
DAUPHINOT, JJ.
DELIVERED: April 24, 2003

1. The Carricos alleged that the ROFR was part of the
consideration for the sale of the property to the Kondoses, and because the
Kondoses did not give them the opportunity to exercise their rights under the
ROFR, they did not receive the benefit of their bargain from the sale;
therefore, the Carricos contended that the sale to the Kondoses should be
rescinded.
2. Because the Carricos' first issue is dispositive, we do
not address their remaining issues. See Tex. R. App. P. 47.1.
3. These grounds are raised in the Kondoses' second and
third issues. Their first issue is in reply to the Carricos' issues.
4. The Carricos claim that by asking this court to review
these grounds, the Kondoses are seeking greater relief than was granted by the
trial court; therefore, the Kondoses should have filed a separate notice of
appeal. See Tex. R. App. P. 25.1(c). We agree with those courts holding
that a separate notice of appeal is not necessary in this instance. See Ash
v. Hack Branch Distrib. Co., 54 S.W.3d 401, 409 n.2 (Tex. App.--Waco 2001,
pet. denied); Bosque Asset Corp. v. Greenberg, 19 S.W.3d 514, 520 (Tex.
App.--Eastland 2000, pet. denied), overruled in part on other grounds by,
Hight v. Dublin Veterinary Clinic, 22 S.W.3d 614, 618 (Tex. App.--Eastland
2000, pet. denied); see also Dean v. Lafayette Place (Section One) Council
of Co-Owners, Inc., 999 S.W.2d 814, 818 (Tex. App.--Houston [1st
Dist.] 1999, no pet.) (holding that no separate notice of appeal required to
raise additional grounds for affirmance of take-nothing judgment after bench
trial); First Gen. Realty Corp. v. Maryland Cas. Co., 981 S.W.2d 495,
503 (Tex. App.--Austin 1998, pet. denied) (same).
5. In their brief, the Kondoses contend that Bernard
Carrico's affidavit, which was attached to the Carricos' motion for summary
judgment, was not competent summary judgment evidence because it was not
notarized. But the record shows that the court granted the Carricos leave to
correct the affidavit, and the Carricos filed a notarized affidavit the next
day. See Tex. R. Civ. P. 166a(c); cf. Benchmark Bank v.
Crowder, 919 S.W.2d 657, 663 (Tex. 1996) (holding that late-filed evidence
may not be considered unless the record affirmatively shows the trial court's
acceptance of the late filing); Basin Credit Consultants, Inc. v. Obregon,
2 S.W.3d 372, 374 (Tex. App.--San Antonio 1999, pet. denied) (same).