## FITTS v. PANHANDLE & S. F. RY. CO.
### (No. 139–3053.)

(Commission of Appeals of Texas, Section B. June 2, 1920.)

Release ⊘13(6)—Promise to employ and to pay $1 not consideration where money not paid.

Plaintiff's release of liability for personal injuries, made on a recited consideration of $1 and defendant's promise to employ plaintiff as a trucker for one day at the usual rate of pay, was without consideration where the $1 was not paid, and was properly excluded in plaintiff's action.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by C. I. Fitts against the Panhandle & Santa Fé Railway Company. From judgment for plaintiff; defendant appealed to the Court of Civil Appeals, which reversed and remanded (188 S. W. 528), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, on recommendation of the Commission of Appeals.

E. T. Miller, J. N. Browning, L. C. Barrett, and Marvin Jones, all of Amarillo, for plaintiff in error.

Madden, Trulove, Ryburn & Pipkin, of Amarillo, for defendant in error.

McCLENDON, J. C. I. Fitts, the plaintiff, recovered judgment against the Panhandle & Santa Fé Railway Company, defendant, for the loss of his eye, alleged to have been caused by the actionable negligence of defendant. Among other defenses to the suit, defendant pleaded a release in full, the recited consideration whereof being: "An order on the treasurer of said company for $1, the receipt of which is hereby acknowledged," and "the promise of said company to employ me for one day as trucker at the usual rate of pay, the execution thereof being conclusive evidence that said company has made me such promise." Plaintiff alleged the invalidity of said release upon several grounds, one of which was that it was without consideration. Upon the trial, plaintiff having testi-

fied that he never received the $1 recited in the release, the court declined to admit the release in evidence. The Court of Civil Appeals reversed and remanded the cause, holding this ruling to be erroneous. 188 S. W. 528. Writ of error was granted by the Committee of Judges, in the view that the Court of Civil Appeals committed error in this holding.

The full review and discussion by the Court of Civil Appeals of the authorities upon the question at issue renders unnecessary any extended observations thereupon. The release in question is identical in its language with that in the case of Quebe v. Railway, 98 Tex. 6, 81 S. W. 20, 66 L. R. A. 734, 4 Ann. Cas. 545, except as to the subject-matter dealt with. The cases are practically on all fours in every particular, except that in the Quebe Case the $1 was paid, whereas in the case at bar it was not paid. In the Quebe Case the Supreme Court, speaking through Judge Williams, says:

"The consideration was a valuable and legal one, though small. Considering the fact that the matter settled was regarded by both parties as involving no large amount, it cannot be said the smallness of the consideration, by itself, furnishes grounds for disregarding the release."

The distinguishing element in the two cases is the failure in the instant case to pay the dollar. We have the views of the Supreme Court upon the question thus presented, expressed in the following language:

"Since the recited consideration of $1 in the release in this case was not paid, it is our opinion that the release was wholly without consideration. It seems to us that a mere promise to re-employ for one day, paying for the work done for that one day no more than the ordinary or customary rate of wages, conferred, in practical effect, no benefit upon the plaintiff, and the railway company thereby suffered no detriment, since inevitably it was to receive the day's work for the re-employment."

We conclude that the judgment of the Court of Civil Appeals should be reversed, and that of the district court affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.

⊘For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes