**Roland REINHARDT, Appellant,**

**v.**

**TOMMY BURNS PAINTING AND DEC-ORATING COMPANY, Inc., Appellee.**

**No. 14277.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 23, 1964.

Rehearing Denied Oct. 21, 1964.

Park Street, Walter Powell Gray, San Antonio, for appellant.

George E. Bradfield, San Antonio, for appellee.

POPE, Justice.

Tommy Burns Painting and Decorating Company, Inc., sued Roland Reinhardt and recovered judgment on a note for $6,168.17, plus interest and attorney's fees. Reinhardt's defense was that plaintiff had released the debt. Plaintiff then countered this defense by a plea, sustained by the trial court, that there was a total failure of consideration for the release.

Reinhardt was building houses during 1961 and ran into serious financial difficulties. He had previously given plaintiff the note, secured by a second lien on some

houses and lots. Flynn Investment Company held the first lien and was threatening foreclosure, which would wipe out all creditors. Reinhardt called a meeting of his creditors. A composition of creditors was proposed and Reinhardt promptly reduced the proposal to writing and mailed copies to all his creditors. Any creditor who accepted the proposed composition was called upon to execute a release of his claim, and it was agreed that he would then participate in the proceeds, if any, after Flynn Investment's first lien was satisfied. The proposal which was submitted to the creditors stated that Flynn Investment Company "has agreed to allow an extension of the indebtedness provided that the arrangement is agreeable to all the creditors, and the agreement from all the creditors is consummated with you in writing not later than June 10, 1961." The proposal stated that the Roland Reinhardt Construction Company "is to convey to Ralph M. Mayen, Jr., Trustee, the seven properties mentioned in the caption hereof * * *." On June 26, 1961, plaintiff executed the acceptance which was attached at the bottom of the proposal and returned it to the trustee. Plaintiff later executed a release which recited that it was a release of the note and the lien.

■ The consideration for a composition of creditors is the mutual covenant of each creditor to accept the settlement. Texarkana National Bank v. Hubbard, Tex. Civ.App., 114 S.W.2d 389; Creditors Rights in Texas, p. 137. Where there is no composition, there is no consideration, and the composition relied upon in this case to supply the consideration never came into being. Defendant, Roland Reinhardt, who relies upon the composition and the release executed by plaintiff, did not fulfill the first essential, his own duty to convey the assets by deed to the trustee, as the proposal required him to do. Flynn Investment Company, the creditor who held complete power over the success or failure of the composition, never agreed to it. In other words, there never was a composition.

Because it failed, there was no consideration for plaintiff's release. See, Fitts v. Panhandle & S. F. R. Co., Com.App., 222 S.W. 158; 50 Tex.Jur.2d, Release, § 13.

The judgment is affirmed.