IN THE SUPREME COURT OF TEXAS









IN THE SUPREME COURT OF TEXAS

 

════════════

No. 03-0109

════════════

 

1464-Eight, Ltd. & Millis
Management Corporation, Petitioners

 

v.

 

Gail Ann Joppich, Respondent

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the First District of
Texas

════════════════════════════════════════════════════

 

Argued
January 28, 2004

 

 

Justice Smith
delivered the opinion of the Court, in which Justice
Hecht, Justice Owen, Justice O’Neill, Justice Wainwright, and Justice Medina joined.

 

Chief
Justice Jefferson filed a concurring opinion, in which Justice Brister joined.

 

The question presented is whether section 87(1)(a) of the Restatement (Second) of Contracts should be
incorporated into the common law of Texas. 
See 3 Williston & Lord,
A Treatise on the Law of Contracts
§ 7:23 (4th ed. 1992) (“As far as option contracts are concerned, the
Restatement (Second) has taken the position, adopted by some common law courts,
that a false recital of nominal consideration is sufficient to support the
irrevocability of an offer so long as the underlying exchange is fair and the
offer is to be accepted within a reasonable time.”).

The petitioners, citing section 87(1)(a) of the Restatement (Second) of Contracts, assert that
the respondent’s offer to sell real property should be binding as an option
contract because the offer was in writing and signed by the respondent,
acknowledged the receipt of a nominal consideration of ten dollars, and
proposed an exchange on fair terms within a reasonable time.  The respondent, contending that the parties’
written option agreement is unenforceable, asserts that the agreement lacks
consideration because the recited nominal consideration was never actually
paid, and that the offer was revoked before it was properly accepted.

In this case of first impression, we agree with
the petitioners that the nonpayment of the recited nominal consideration does
not preclude enforcement of the parties’ written option agreement.  Therefore, we will reverse and remand.

I

In July 1997, Gail Ann Joppich
entered into an earnest money contract with 1464-Eight, Ltd. and Millis
Management Corporation (collectively “Millis”) under which Joppich
agreed to buy, and Millis agreed to convey, an undeveloped residential lot
located in a subdivision being developed by Millis.  The purchase price was $65,000.  An addendum attached to the earnest money
contract provided:

 

All
Lots being sold in Shiloh Lake Estates Subdivision are being sold pursuant to
an Option Agreement to be executed by Buyer and Seller at closing that shall
survive closing and provide Seller with an option to purchase the Property from
the Buyer at a price equal to 90% of the sale price herein if Buyer fails to
commence construction of a private residence on the Property within 18 months
from the date of closing.

 

At the closing later the same month, Millis
executed a special warranty deed conveying the lot to Joppich.  In addition, the parties executed a separate
four-page document entitled “Option Agreement.” 
The notarized document, which was signed by both Joppich
and Millis, provided:

 

1.
Grant of Option. In consideration of the sum of Ten and No/100 ($10.00)
Dollars (AOption
Fee”) paid in cash by Developer, the receipt and sufficiency of which is hereby
acknowledged and confessed, Purchaser hereby grants to Developer the exclusive
right and option to purchase [the Property]. 
This Option may be exercised at any time from and after January 21,
1999.

 

2.
Purchase Price. The total purchase price for the Property shall be
[$58,500] and shall be due and payable at closing.

 

3.
Expiration Date. This Option shall automatically expire at 5:00 o’clock
p.m. on the date which is five (5) years after the date of execution and
recording in the Office of the County Clerk of Fort Bend County, Texas unless
prior to the expiration date this Option is exercised by Developer.

 

4.
Termination. This Option shall automatically terminate on the date that
Purchaser, or Purchaser’s assigns, commence construction of a primary residence
which has been approved by [the appropriate committee].

 

The Option Agreement did not contain an express statement
regarding whether the parties intended the offer to sell real property to be
revocable or irrevocable.

In October 1999, Joppich
filed suit against Millis, seeking a declaratory judgment that the Option
Agreement was unenforceable.  In her original
petition, Joppich asserted that “[a]lthough the Option Agreement states that a sum of Ten and
No/100 dollars was given to Plaintiff in consideration for granting the option,
this sum was not then nor has it ever been tendered to nor paid to Plaintiff,”
and she requested that “the Court declare that the Agreement granting the
exclusive right and option to purchase [the Property] to the Developer is void
and unenforceable for lack of consideration or alternatively, failure of
consideration.”  Millis answered with a
general denial.

In September 2000, Millis filed a counterclaim
seeking specific performance, damages, and attorney’s fees, asserting:

 

Counter
Defendant failed to begin construction of a primary residence on the property, therefore, Counter Plaintiffs sent notice of their
exercising of the option to Counter Defendant on September 4, 1999. . . .  Counter Defendant refused and continues to
refuse to convey the property pursuant to the terms of the option.

 

Joppich answered with a general
denial.  In addition, in compliance with
Texas Rules of Civil Procedure 93 and 94, the answer was verified by affidavit
and set forth the affirmative defenses of lack of consideration and failure of
consideration.

In January 2001, Joppich
moved for final summary judgment “based on failure and/or lack of
consideration.”  Joppich
asserted that “[s]ince no consideration flowed from
Defendants to Plaintiff and she revoked the Option Agreement before consideration
had in fact passed, the Option Agreement is void and unenforceable.”  In her affidavit, which was attached to the
motion, Joppich stated: “The Option Agreement states
that a sum of Ten and No/100 dollars was given to me in consideration for
granting Defendants the right to repurchase the property under certain
conditions.  This sum was not then nor
has it ever been tendered to or paid to me.”

Millis responded to Joppich’s
motion and, in the same document, moved for partial summary judgment.  Millis asserted:

 

At
the closing, Plaintiff acknowledged the receipt of ten dollars by signing the
Option Agreement.  She did not mention to
anyone before or after signing the agreement that she had not actually received
the ten dollars.  Texas case law is clear
that this option is supported by adequate consideration and at most, Plaintiff’s
alleged failure to actually receive the recited consideration creates nothing
more than a right to payment of the stated sum.

 

In support of the motion for partial summary judgment, Millis attached
the Option Agreement.  Millis proffered
no additional summary judgment evidence regarding whether the recited nominal
consideration of ten dollars was actually paid. 
In the motion, Millis requested only a declaration that the Option
Agreement was enforceable.

In February 2001, the trial court denied Joppich’s motion for final summary judgment and granted
Millis’s motion for partial summary judgment. 
In May 2001, the trial court rendered a final judgment declaring that
the Option Agreement was enforceable, requiring Joppich
to sell the property in compliance with the terms of the Option Agreement, and
awarding attorney’s fees to Millis.

In the court of appeals, both sides characterized
the consideration recited in the Option Agreement as “nominal.”  Millis, relying on McKay v. Tally, 220
S.W. 167 (Tex. Civ. App.CAmarillo 1920, no writ) and Heard v.
Pratt, 257 S.W. 660 (Tex. Civ. App.CSan Antonio 1923, writ dism’d), asserted:

 

Where
a contract recites the payment of a nominal amount of money as its
consideration, the contract is valid, even if the nominal sum identified is not
actually paid.  The nominal consideration
merely creates an obligation to pay such sum, which may be enforced by the
other party.  The real consideration
provided in the Option Agreement was the obligation to pay the ten dollars, and
it is of no consequence whether the ten dollars was paid or not.

 

Joppich acknowledged that “[i]f unpaid nominal consideration without other
consideration is sufficient, then the court should overrule [her first issue]
challenging the enforceability of a contract for failure or lack of
consideration.”  Neither Millis nor Joppich cited or otherwise discussed section 87(1)(a) of the Restatement (Second) of Contracts.

In December 2002, the court of appeals reversed
and remanded, concluding that “summary judgment for [Millis] was improper.”  96 S.W.3d 614, 617.[1]  Because it sustained her first issue, the
court of appeals did not address Joppich’s other
issues.  Id.

In this Court, Millis asserts that “[t]he court of
appeals’ holding that failure to deliver the nominal consideration recited in
an option contract precludes its enforcement directly conflicts with the modern
view reflected in the Restatement (Second) of Contracts.”  In response, Joppich
argues that “[t]he Restatement shows that its view is not the modern view but
is in fact the minority view consisting of one and possibly two states.”  Joppich does not
dispute Millis’s contention, made in both its petition for review and its brief
on the merits, that the Option Agreement satisfies section 87(1)(a) of the
Restatement (Second) of Contracts, including its requirement that an offer
propose an exchange on fair terms within a reasonable time.

II

A[A]
promise to give an option is valid if supported by an independent
consideration.  For example, if a sum of
money be paid for the option, the promisee may, at
his election, enforce the contract.”  Nat’l
Oil & Pipe Line Co. v. Teel, 68 S.W. 979, 980 (Tex. 1902); see also
Restatement (Second) of Contracts
§ 25 (1981) (AAn option
contract is a promise which meets the requirements for the formation of a
contract and limits the promisor’s power to revoke an
offer.”).

In addition, under the Restatement (Second) of
Contracts, certain promises that lack consideration are enforceable.  See Restatement
(Second) of Contracts §§ 82B94
(1981); see also 1 Murray,
Murray on Contracts § 61 (4th ed.
2001) (“The Restatement 2d expressly adopts the view that a clause
reciting nominal consideration in either a guaranty or an option contract
should operate as a formalistic validation device, supporting the promise in
either type of contract, regardless of the fact that the recited amount was
never paid.”); 2 Perillo & Bender,
Corbin on Contracts § 5.17 (rev.
ed. 1995) (“The Restatement (Second) has taken the position that in the
commercially important situations of options and credit guaranties, a promise
is made binding by a false recital of consideration.”).

Section 87(1)(a) of the
Restatement (Second) of Contracts provides: “An offer is binding as an option
contract” if the offer “is in writing and signed by the offeror,
recites a purported consideration for the making of the offer, and proposes an
exchange on fair terms within a reasonable time.”  Restatement
(Second) of Contracts § 87(1)(a) (1981).  Similarly, section 88(a) provides: “A promise
to be surety for the performance of a contractual obligation, made to the obligee, is binding” if the promise “is in writing and
signed by the promisor and recites a purported
consideration.”  Id. § 88(a); see
also Beltran v. Groos Bank, N.A., 755 S.W.2d 944,
948 (Tex. App.CSan
Antonio 1988, no writ) (applying section 88(a) to determine whether a written
guaranty agreement that contained a fictional recital of a nominal
consideration was enforceable).

In the remainder of part II, we will review two
United States Supreme Court decisions from the 1800's and several Texas court
decisions from the early 1900's before more closely analyzing section 87(1)(a)
of the Restatement (Second) of Contracts.

A

In 1844, the United States Supreme Court addressed
whether a written guaranty agreement that contained a fictional recital of a
nominal consideration was enforceable:

 

The
fifth point is, that there is no valid consideration
to support the guarantee.  This is
pressed under two aspects; the first is, that the consideration was past and
not present; for the letter of credit had been already delivered to J. and A.
Lawrence by the agents of the London house. 
The second is, that the payment of the one dollar is merely nominal and
not sufficient to sustain the guarantee, if it had been received; and it is
urged that it was not received.  As to
this last point, we feel no difficulty. 
The guarantor acknowledged the receipt of the one dollar, and is now estopped to deny it. 
If she has not received it, she would now be entitled to recover
it.  A valuable consideration, however
small or nominal, if given or stipulated for in good faith, is in the absence
of fraud, sufficient to support an action on any parol
contract; and this is equally true as to contracts of guarantee as to other
contracts.  A stipulation in
consideration of one dollar is just as effectual and valuable a consideration
as a larger sum stipulated for or paid. . . .

 

Lawrence v. McCalmont,
43 U.S. (2 How.) 426, 452 (1844).

In 1881, the United States Supreme Court relied on
Lawrence to resolve another case involving a written guaranty
agreement.  Davis v.
Wells, 104 U.S. 159, 167B68
(1881).  The agreement in Davis
stated: “‘For and in consideration of one dollar to us
in hand paid by Wells, Fargo, & Co. (the receipt of which is hereby
acknowledged), we hereby guarantee . . . .’” 
Id. at 160.  In concluding that the agreement was
enforceable, the Supreme Court stated:

 

It
is not material that the expressed consideration is nominal.  That point was made, as to a guarantee,
substantially the same as this, in the case of Lawrence v. McCalmont (2 How. 426, 452), and was overruled.  Mr. Justice Story said: “The guarantor
acknowledged the receipt of the one dollar, and is now estopped
to deny it.  If she has not received it,
she would now be entitled to recover it. 
A valuable consideration, however small or nominal, if given or
stipulated for in good faith, is, in the absence of fraud, sufficient to
support an action on any parol contract; and this is
equally true as to contracts of guaranty as to other contracts.  A stipulation in consideration of one dollar
is just as effectual and valuable a consideration as a larger sum stipulated
for or paid. . . .”

 

Id. at 167B68.

In 1902, this Court, in a suit to cancel two oil
and gas contracts, assumed without deciding that the recital of a nominal
consideration was sufficient to support an option contract:

 

Each
of the contracts in this case purports upon its face to have been executed in
consideration of the payment of one dollar; and, though the plaintiff below
pleaded that no consideration was paid, there was no evidence that the recitals
as to the consideration in the contracts were not true.  Whether the recital of “one dollar”Ccommonly called a nominal considerationCis sufficient to support the contracts,
we need not discuss, though there is very high authority for holding that such
recital is sufficient for the purpose. 
Davis v. Wells, 104 U.S. 159, 26 L. Ed. 686.  Treating the contracts as if supported by a
consideration, the question recurs, can the assignee of such a contract, or the
vendee of the right secured by it, shield himself against the fraud of his
assignor in its procurement by showing that he is a purchaser for value,
without notice of the fraud?

 

Nat’l Oil & Pipe Line Co. v. Teel, 68 S.W. at 980.

In March 1920, the Amarillo Court of Civil Appeals,
in a suit to cancel an oil and gas contract, discussed in dictum the effect of
a fictional recital of a nominal consideration:

 

The
question is also presented by this record that the recitation that $1 was paid
as a consideration creates an obligation to pay, if in fact it was not actually
paid.  It seems, under some of the
authorities, such would be an obligation to pay, which may be enforced and will
support a contract to lease or convey an interest in land.

 

AWhere a contract recites the payment of
$1 as its consideration, it is valid, although the sum named is not actually
paid, since it creates an obligation to pay such sum, which may be enforced by
the other party.”  13 C.J. § 240, “Contracts,”
p. 367.

 

McKay v. Tally, 220 S.W. 167, 169B70
(Tex. Civ. App.CAmarillo 1920, no writ).

In June 1920, the Commission of Appeals considered
whether a written release that contained a fictional recital of a nominal
consideration was enforceable.  Fitts
v. Panhandle & S. F. Ry. Co., 222 S.W. 158,
158 (Tex. Comm’n App. 1920, judgm’t
adopted).  The release recited the
following consideration: “‘An order on the treasurer of said company for $1,
the receipt of which is hereby acknowledged,’ and ‘the promise of said company
to employ me for one day . . . .’”  Id.

In concluding that the release was unenforceable,
the Commission of Appeals stated:

 

We
have the views of the Supreme Court upon the question thus presented, expressed
in the following language:

 

ASince the recited consideration of $1
in the release in this case was not paid, it is our opinion that the release
was wholly without consideration.  It
seems to us that a mere promise to re-employ for one day, paying for the work
done for that one day no more than the ordinary or customary rate of wages,
conferred, in practical effect, no benefit upon the plaintiff . . . .”

 

Id.  The opinion did
not provide a citation for the quotation attributed to this Court.  Our historical research of the case file and
related journals at the State Archives and an electronic legal search failed to
reveal the source of the quotation.

In 1922, the El Paso Court of Civil Appeals, in a
suit to cancel an oil and gas contract, summarily concluded that a fictional
recital of a nominal consideration precluded enforcement of the contract,
stating: “A unilateral contract is valid if supported by an independent
consideration, but the testimony of plaintiffs is that the independent
consideration of $1 cash recited in this lease was not in fact paid . . . .”  Gary v. McKinney, 239 S.W. 283, 286
(Tex. Civ. App.CEl Paso 1922, no writ).  In 1924, the Waco Court of Civil Appeals, in
a similar case, reached the opposite conclusion:

 

The
consideration named in the lease was sufficient to make a binding contract,
whether the $1 named was paid or not.  If
same was not paid, [the lessor] would have a claim
against the company for same.  Masterson v. Amarillo Oil Co. (Tex. Civ.
App.) 253 S.W. 908; McKay v. Tally (Tex. Civ. App.)
220 S.W. 167; Bost v. Biggers
Bros. (Tex. Civ. App.) 222 S.W. 1112.

 

Silverman v. Emerson, 257 S.W. 612, 613 (Tex. Civ. App.CWaco
1924, no writ).  Neither court of civil
appeals discussed the Commission of Appeals’s Fitts decision.

Before the court of appeals’s
decision in this case, no Texas appellate court had decided whether a written
option agreement that contains a fictional recital of a nominal consideration
is unenforceable for lack of consideration.

B

Section 87(1) of the Restatement (Second) of
Contracts provides:

 

(1)
An offer is binding as an option contract if it

 

  (a) is in writing
and signed by the offeror, recites a purported
consideration for the making of the offer, and proposes an exchange on fair
terms within a reasonable time; or

 

  (b) is made
irrevocable by statute.

 

Restatement
(Second) of Contracts § 87(1) (1981).

The official comment to section 87 states:

 

b.  Nominal
consideration.  Offers made in
consideration of one dollar paid or promised are often irrevocable under
Subsection (1)(a). . . .

 

[A]
nominal consideration is regularly held sufficient to
support a short-time option proposing an exchange on fair terms.  The fact that the option is an appropriate
preliminary step in the conclusion of a socially useful transaction provides a
sufficient substantive basis for enforcement, and a signed writing taking a
form appropriate to a bargain satisfies the desiderata of form.  In the absence of statute, however, the
bargaining form is essential: a payment of one dollar by each party to the
other is so obviously not a bargaining transaction that it does not provide
even the form of an exchange.

 

c.  False
recital of nominal consideration.  A
recital in a written agreement that a stated consideration has been given is
evidence of that fact as against a party to the agreement, but such a recital
may ordinarily be contradicted by evidence that no such consideration was given
or expected.  See § 218.  In cases within Subsection (1)(a), however, the giving and recital of nominal
consideration performs a formal function only. 
The signed writing has vital significance as a formality, while the
ceremonial manual delivery of a dollar or a peppercorn is an inconsequential
formality.  In view of the dangers of
permitting a solemn written agreement to be invalidated by oral testimony which
is easily fabricated, therefore, the option agreement is not invalidated by
proof that the recited consideration was not in fact given.  A fictitious rationalization has sometimes
been used for this rule: acceptance of delivery of the written instrument
conclusively imports a promise to make good the recital, it is said, and that
promise furnishes consideration.  Compare
§ 218.  But the sound basis for the rule
is that stated above.

 

Id. § 87 cmts.
bBc
(illustrations omitted).

The illustration following comment c states:

 

3.  A executes and delivers to B a written
agreement “in consideration of one dollar in hand paid” giving B an option to
buy described land belonging to A for $15,000, the option to expire at noon six
days later.  The fact that the dollar is
not in fact paid does not prevent the offer from being irrevocable.

 

Id. § 87 cmt.
c, illus. 3.

The authors of the national treatises on contracts
have generally endorsed section 87(1)(a) of the
Restatement (Second) of Contracts.  For
example, Corbin on Contracts states:

 

But,
even when the dollar was not paid, the option has been sustained.  Some courts have estopped
the promisor from denying that the dollar was
paid.  Others have sustained the option
by virtue of an implied promise to pay the dollar.

 

The
Restatement (Second) carves out two important areas in which the results of
these cases [are] duplicated.  It makes
recital of “a purported” consideration in a signed writing sufficient to bind
the promisor in the following two categories of
cases: a credit guaranty promise and an option contract. . . .

 

Unlike
the cases mentioned above, the Restatement (Second) does not attempt to obscure
its reasoning behind such legal sleights of hand as implied promises and
estoppels, but has synthesized those cases into a new doctrine, categorizing
guaranty and option contractsCwhere
the formal requisites are metCas
enforceable contracts without consideration. 
The reason for giving special treatment to options and guaranties is
their presumptive utility as ancillaries to bargain transactions . . . .

 

Consideration
is designed primarily to protect promisors from their
own donative promises.  Options, however, are one commercial step in
a commercial deal.  A number of cases
have followed the forthright approach taken by the Restatement (Second).  Indeed, it may be urged that the Restatement
fails to lead the way to more progressive reform.  Having recognized the value of the
enforceability of options as commercial devices, it still insists on the
fictional recital of a purported consideration. 
Such fictional charades should not be a part of a mature legal
system.  Commercial promises such as
options and credit guaranties should be enforceable without consideration.

 

2 Perillo & Bender,
Corbin on Contracts § 5.17 (rev.
ed. 1995) (footnotes omitted); see also 1 Farnsworth, Farnsworth
on Contracts § 3.23 (3d ed. 2004) (AThe
attempt is to make a recital of consideration as effective a formality as was
the seal, where options are concerned.”); 1 Murray,
Murray on Contracts § 61 (4th ed.
2001) (ANotwithstanding
the compelling view of the Restatement 2d, however, most courts hold
that, upon proof that the recited amount has not been paid, the promise fails
for want of consideration.”); 3 Williston
& Lord, A Treatise on the Law
of Contracts § 7:23 (4th ed. 1992) (A[T]he
drafters . . . have recognized that in the context of option contracts the
formal recital of consideration, though false and nominal only, serves the
useful purpose of facilitating the underlying bargain.”).

In addition, the authors of law review commentary
have agreed that the nonpayment of a recited nominal consideration should not
preclude enforcement of a written option agreement.  See Siprut,
Comment, The Peppercorn Reconsidered: Why a Promise to Sell Blackacre for Nominal Consideration Is Not Binding, but
Should Be, 97 Nw. U. L. Rev. 1809
(2003); Wessman, Retraining the Gatekeeper:
Further Reflections on the Doctrine of Consideration, 29 Loy. L.A. L. Rev. 713 (1996); Gordon, Consideration and the
Commercial-Gift Dichotomy, 44 Vand. L. Rev. 283
(1991); Eisenberg, Symposium, The Principles
of Consideration, 67 Cornell L. Rev.
640 (1982).

III

The position taken by section 87(1)(a) of the Restatement (Second) of Contracts is admittedly
the minority position among the limited number of state supreme courts that
have addressed the question.  See,
e.g., Lewis v. Fletcher, 617 P.2d 834, 835 (Idaho 1980) (holding
that a written option agreement that contains a fictional recital of a nominal
consideration is unenforceable for lack of consideration); Berryman v. Kmoch, 559 P.2d 790, 793 (Kan. 1977) (same); Am.
Handkerchief v. Frannat Realty Co., 109 A.2d 793,
796B97 (N.J. 1954) (same); Bard v. Kent,
122 P.2d 8, 10 (Cal. 1942) (same); Kay v. Spencer, 213 P. 571, 574 (Wyo.
1923) (same); Smith v. Wheeler, 210 S.E.2d 702, 704 (Ga. 1974) (implying
an obligation to pay the recited but unpaid nominal consideration); Real
Estate Co. v. Rudolph, 153 A. 438, 439 (Pa. 1930) (employing an estoppel theory to prevent contradiction of a fictional
recital of a nominal consideration).

Nevertheless, we are persuaded that the position
of the Restatement (Second) of Contracts, which is supported by a
well-articulated and sound rationale, represents the better approach.  See, e.g., Restatement (Second) of Contracts § 87 cmt. b (1981) (AThe
fact that the option is an appropriate preliminary step in the conclusion of a
socially useful transaction provides a sufficient substantive basis for
enforcement, and a signed writing taking a form appropriate to a bargain
satisfies the desiderata of form.”); Gordon, Consideration and the
Commercial-Gift Dichotomy, 44 Vand.
L. Rev. 283, 293B94
(1991) (AOption
contracts are related to economic exchangesCtransactions
based on self-interest, not altruism. 
Moreover, people expect that option contracts are serious and binding
commitments.”) (footnote omitted).

IV

Based on the foregoing analysis, we reverse the
court of appeals’s judgment and remand the case to
the court of appeals for further proceedings.

 

 

___________________________

Steven Wayne Smith

Justice

 

 

OPINION DELIVERED: December 31, 2004

 











[1] In the trial court, Millis made only one argument in
support of its motion for partial summary judgment: “The real consideration in
this case was the obligation to pay the ten dollars and it is of no consequence
whether the ten dollars was paid or not.” 
In response to Joppich’s motion for final
summary judgment, Millis argued: “At this point in time, there still remain
genuine issues of material fact as to what consideration was actually given for
the Option Agreement.  Defendants contend
that Plaintiff did not only sign the Option Agreement for the right to receive
ten dollars, but also signed it in consideration for the right to purchase the
property.”

The court of appeals, in one paragraph, addressed and
rejected Millis’s appellate argument that “the property itself, which was the consideration exchanged under the earnest money contract,
serves as additional consideration for the option granted within it.”  96 S.W.3d at 617.  With regard to that argument, the court of
appeals stated: “Based on the merger doctrine, the earnest money contract was
superseded by agreements executed at closing. 
Alvarado v. Bolton, 749 S.W.2d 47, 48 (Tex.
1988).  At closing, the parties
executed the option contract, which recited, ‘In consideration of the sum of
Ten and No/100 ($10.00) Dollars.’ 
Therefore, the option contract did not mention any ‘other good and
valuable consideration,’ such as the property itself.”  Id.

Because it was not raised in Millis’s
motion for partial summary judgment, the argument that the property itself
constitutes consideration for the parties’ written option agreement should not
have been considered by the court of appeals. 
Moreover, the court of appeals’s
three-sentence analysis lacks clarity, and appears to improperly construe and
apply the applicable Texas law.  See,
e.g., Fort Worth Indep.
Sch. Dist. v. City of Fort Worth, 22 S.W.3d 831,
840 (Tex. 2000) (“[I]nstruments pertaining to the
same transaction may be read together to ascertain the parties’ intent, even if
the parties executed the instruments at different times and the instruments do
not expressly refer to each other . . . .”) (citations
omitted); Harris v. Rowe, 593 S.W.2d 303, 306B07 (Tex. 1979) (“A deed which constitutes only partial
performance of the preceding contract does not merge other distinct and
unperformed provisions of the contract.”). 
Accordingly, we specifically disapprove of that portion of the court of appeals’s opinion.